315 So.2d 822 (1975)
UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff and Appellant,
v.
AMERICAN EMPLOYERS INSURANCE COMPANY, Defendant and Appellee.
No. 5031.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
Raggio, Farrar, Cappel & Chozen by Frederick L. Cappel, Lake Charles, for plaintiff-appellant.
*823 Brame, Bergstedt & Brame, Joe A. Brame, Lake Charles, for defendant-appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
This is a suit for declaratory judgment by one workmen's compensation insurer against another to determine their respective liabilities.
The trial judge held the injured worker, a court reporter, was a joint employee of the Calcasieu Parish Police Jury (insured by the plaintiff) and the Cameron Parish Police Jury (insured by the defendant). He ordered each insurer to pay compensation and medical expenses in proportion to its insured's respective wage liability to the worker. From this judgment, plaintiff appealed.
The issues are: (1) Was the injured worker a joint employee? (2) In what proportion must joint employers pay medical expenses?
Mrs. Juanita L. Landry was hired by Judge Henry L. Yelverton as official court reporter for Division A of the Fourteenth Judicial District Court. Since being hired in 1966, Mrs. Landry has worked exclusively under the direction and control of Judge Yelverton. On October 25, 1973, she accompanied the judge to Cameron Parish on official court business. On their return trip to Lake Charles, she was injured in an automobile collision in Cameron Parish while riding as a passenger in the vehicle driven by Judge Yelverton.
The parties stipulated the following facts:
"I. On October 25, 1973, Juanita L. Landry was in the course and scope of her employment.
"II. The question presented by this litigation is whether she was in the course and scope of her employment for the Calcasieu Parish Police Jury, the Cameron Parish Police Jury or both the Calcasieu and the Cameron Parish Police Juries.
"III. At all material times herein UNITED STATES FIDELITY AND GUARANTY COMPANY was the workmen's compensation insurer of the Calcasieu Parish Police Jury, providing workmen's compensation coverage to its employees, one of whom was Juanita L. Landry.
"IV. At all material times herein AMERICAN EMPLOYERS INSURANCE COMPANY was the workmen's compensation insurer of the Cameron Parish Police Jury, providing workmen's compensation coverage to its employees, one of whom was Juanita L. Landry.
"V. As a result of the accident which occurred on October 25, 1973, UNITED STATES FIDELITY AND GUARANTY COMPANY has paid to Juanita L. Landry workmen's compensation benefits at the rate of $65.00 per week from October 25, 1973" through March 14, 1974, aggregating $1,300.00.
"VI. As a result of the said accident, UNITED STATES FIDELITY AND GUARANTY COMPANY has also paid medical expenses for or on behalf of Juanita L. Landry in the amount of $4,013.80.
"VII. At the time of the above described accident, Juanita L. Landry was being paid $562.08 per month by the Calcasieu Parish Police Jury and was also being paid $59.09 per month by the Cameron Parish Police Jury."
Despite the apparent admission in stipulations III and IV above, that at all material times Mrs. Landry was an employee of both parishes, plaintiff argues that since the accident occurred in Cameron Parish while Mrs. Landry was on official court business for that parish, she was an employee of Cameron Parish exclusively at the time and place of the accident.
*824 Defense counsel argues that Mrs. Landry was employed and controlled jointly by the two parishes through the district judge, and that, therefore, each parish must pay compensation and medical expenses in proportion to its respective wage liability to Mrs. Landry. Defendant relies on LSA-R.S. 23:1031, which reads in pertinent part:
"In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee;"
The parishes of Calcasieu and Cameron compose the Fourteenth Judicial District, Louisiana Constitution Article 7, Section 31 (1921). Each judicial district court constitutes a single court. There is not a separate court for each parish in the district. See Piper v. Olinde Hardware & Supply Company, Inc., 288 So.2d 626 (La. 1974). The business of the Fourteenth Judicial District Court and the work of its court reporters may be conducted in either parish. All of her transcription work for cases from both parishes was done in her office, or at her home, in Calcasieu Parish. She did not divide her work, as to time, place or control, between the two parishes. She was at all times and places subject to the joint control of the two parishes through the district judge who hired and directed her.
It is not argued by either insurer that Mrs. Landry is an employee of the State of Louisiana, since the court is a state court. In fact, both insurers have stipulated that workmen's compensation coverage is available to Mrs. Landry under their policies issued to the respective Police Juries.
We conclude the trial judge correctly held the Calcasieu Parish Policy Jury and the Cameron Parish Police Jury were joint employers of Mrs. Landry. The two parishes jointly hired and controlled her through the district judge. As a result, each insurer is liable for its pro rata share of the compensation payments due according to the employer's respective wage liability to Mrs. Landry.
The plaintiff makes an additional argument regarding the division of liability between joint employers for the payment of medical expenses. It is urged that the words "compensation" and "payments" as used in LSA-R.S. 23:1031 refer to the payment of weekly compensation benefits alone and not to the payment of medical expenses. Plaintiff contends that liability for payment of medical expenses should be divided equally between the two employers, instead of proportionately according to their respective wage liabilities.
Plaintiff cites as authority for its position the cases of Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540 (1964) and Kinder v. Lake Charles Harbor & Terminal District, 31 So.2d 498 (La. App. 1st Cir. 1947). The cited cases are distinguished.
The issue in the Kinder case was prescription. The court held that the word "payment" in LSA-R.S. 23:1209 relates solely to payment of weekly compensation benefits and not to medical expenses, and hence payment of medical expenses by the employer or his insurer within one year preceding the commencement of a suit for compensation benefits did not interrupt the running of prescription or peremption.
In the Brown case, defendant argued that medical expenses are payments of compensation, and that such medical expense payments should cease at the end of 400 weeks when compensation benefits terminate. The claimant argued that medical expenses are not a part of compensation, and therefore the defendant was liable for the statutory maximum provided in LSA-R.S. 23:1203 beyond the 400 weeks maximum period established for the payment of weekly compensation benefits. The court *825 agreed with the claimant, holding that medical expenses as set forth in Section 1203 do not constitute a part of compensation.
Neither of the cited cases involved joint employment situations under LSA-R.S. 23:1031. We find no Louisiana case expressly dealing with the issue here presented.
Both parties to this action admit that Mrs. Landry is entitled to weekly compensation benefits and medical expenses. Plaintiff urges that since LSA-R.S. 23:1031 does not expressly state the proportion of liability for medical expenses, fairness and equity dictate that these expenses should be divided between the two employers on a 50-50 basis.
Professor Wex S. Malone discusses the rationale of dividing the liability for weekly compensation benefits between joint employers on the basis of wage liabilities owed to the employee in his Treatise, Louisiana Workmen's Compensation Law & Practice, Section 58, page 69:
"Partnership liability would obviously be unfair in such a situation, for neither employer had a full interest in the mission. Nor can the work be separated so as to charge one employer to the exclusion of the other, as in the case of separate successive employments discussed above. Obviously, an arbitrary division must be made, and such is provided by Section 32 of the Act (LSA-R.S. 23:1031)."
This rationale should apply as well to the division of joint employers' liability for the payment of medical expenses. We conclude that the medical expenses of the claimant must be paid by each insurer in proportion to its insured's respective wage liability to the injured employee.
For the reasons assigned, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.