377 So.2d 554 (1979)
Homer FONTENOT, Plaintiff-Appellee-Appellant,
v.
TOWN OF KINDER et al., Defendants-Appellants-Appellees.
No. 7213.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Writ Refused January 28, 1980.
*555 McHale, Bufkin & Dees, Louis D. Bufkin, Lake Charles, for plaintiff-appellee-appellant.
Plauche, Smith, Hebert & Nieset, A. Lane Plauche, Brame, Bergstedt & Brame, Joe A. Brame, Lake Charles, for defendants-appellants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case wherein plaintiff, Homer Fontenot, claims total and permanent disability benefits, medical expenses, and attorney's fees.
The trial court rendered judgment in favor of plaintiff ordering defendant, Town of Kinder, (Town), and its workmen's compensation insurer, defendant Southern Farm Bureau Casualty Insurance Company, (Southern Farm), to pay 48.8% of all weekly compensation benefits and medical expenses and ordering defendant, Allen Parish Police Jury, (Police Jury), and its workmen's compensation insurer, defendant Zurich Insurance Company, (Zurich), to pay 51.2% of the weekly benefits and medical expenses. The trial court assessed legal interest and statutory penalties of 12% against all defendants and allowed them credit for payments previously made to the plaintiff. The Police Jury and Zurich were also assessed $5,000.00 as attorney's fees. From this judgment all parties have appealed.
The Police Jury and Zurich request the following relief on appeal: (1) That they be relieved of all liability for payment of plaintiff's workmen's compensation benefits and medical expenses on the ground that no employer-employee relationship existed between Homer Fontenot and the Police Jury; (2) alternatively, that they not be assessed penalties and attorney's fees because they presented a serious defense in good faith; (3) in the further alternative, that the attorney's fees awarded plaintiff be reduced; (4) that Southern Farm be assessed its proportionate share of attorney's fees; and (5) that this Court fix the proportions of liability at 51.2% owed by the Town and Southern Farm and 48.8% owed by the Police Jury and Zurich, in accordance with the evidence.
*556 The Town and Southern Farm have appealed, asking only that they not be assessed penalties. They ask this Court to affirm the judgment in all other respects.
Homer Fontenot has appealed to ask this Court to hold all the defendants solidarily liable for the payment of compensation benefits and medical expenses. The trial court found all defendants solidarily liable in his Reasons for Judgment but the signed judgment does not so provide. Plaintiff also requests that the attorney's fees be increased.

THE FACTS
Plaintiff was employed by the Mayor of Kinder to work at a garbage dump located outside the Town of Kinder. On July 31, 1975, plaintiff suffered an injury while burning trash, a duty which was within the course and scope of his employment at the dump. Mr. Fontenot's right trouser leg caught fire and his right leg suffered third degree burns. As a result of this injury, Mr. Fontenot was hospitalized for ten weeks.
At the time of his injury, plaintiff was a part-time employee at the dump, working forty-eight hours a week, but only two weeks a month. The Town of Kinder paid him $2.10 per hour for one forty-eight hour week, or $100.80, and the Allen Parish Police Jury paid him $2.00 per hour for the other week, or $96.00.[1]
After his hospitalization, plaintiff never returned to his job at the dump, or to any other job. His doctor said that his burns were completely healed, but plaintiff, at the time of trial, still complained of pain and stiffness in his leg. Mr. Fontenot, after his injury, continued to receive his weekly wages from both the Town and the Police Jury. In addition to Mr. Fontenot's weekly wages, the Town's workmen's compensation insurer paid him partial compensation during most of the convalescent period,[2] and, additionally, paid approximately one-half of his medical expenses. The Town and Southern Farm discontinued their payments to Mr. Fontenot on April 28, 1976, after receiving a note written and signed by Dr. L. K. Moss, plaintiff's treating physician. Dated January 12, 1976, the note stated:
"Homer Fontenot may return to work 2/1/76."
Meanwhile, the Police Jury continued to pay Mr. Fontenot's wages until May 31, 1976, at which time the payments were ceased. Zurich has steadfastly refused to pay plaintiff any workmen's compensation benefits or any portion of the medical expenses.
On July 26, 1976, Mr. Fontenot filed suit against the four defendants.

PERMANENT AND TOTAL DISABILITY
The trial judge held that the clear preponderance of the evidence supported plaintiff's contention that he is permanently and totally disabled and has been since his injury on July 31, 1975.[3] None of the defendants dispute this finding. We therefore adopt the trial court's finding that plaintiff's work-related injury left him totally and permanently disabled.
To determine the weekly amounts of compensation due Mr. Fontenot, the trial court correctly reasoned that he was entitled to have his average weekly wage computed on a 40-hour week, even though he *557 actually worked no more than an average of 24 hours a week. La.R.S. 23:1021(7)(a), as amended by Act No. 25 of the 1968 Extra. Session of the Louisiana Legislature; Farris v. Ducote, 293 So.2d 589 (La.App. 3rd Cir. 1974). Since Mr. Fontenot was paid at the rate of $2.00 an hour by the Police Jury, and $2.10 an hour by the Town, his average hourly wage was $2.05, and his average weekly wage, based on a 40-hour week, was $82.00. Sixty-five percent of this average weekly wage is $53.30, which amount is due Mr. Fontenot each week for a period not to exceed 500 weeks from the date of the accident.

JOINT EMPLOYERS
The principal issue in this suit is whether Mr. Fontenot was employed jointly by the Town and the Police Jury. We find the trial court's disposition of this issue to be correct as set forth in his Reasons for Judgment, which we quote as follows:
"The trash dump where the plaintiff was working was operated pursuant to a joint working agreement by the two municipal bodies. The dump was owned by the Town of Kinder, but since the police jury had no trash dumping facilities available for area residents not living within the corporate limits of Kinder, the police jury contributed to the operation of the dump. The police jury furnished heavy equipment to dig holes and to cover trash. Also, the police jury paid a portion of the salaries of people who worked at the dump; in this particular instance, the police jury paid approximately one-half of Mr. Fontenot's salary. Specifically, the police jury was paying him at the rate of $2.10 per hour and the Town of Kinder paid him $2.00 per hour.[4] Each of the two entities issued its separate check to Mr. Fontenot each month; thus, Fontenot was paid jointly by these two defendants.
Mr. Robert L. Brooks, the Secretary-Treasurer of the Allen Parish Police Jury, explained how Mr. Fontenot was hired. Mr. Lafargue, the Mayor of Kinder would designate who would work at the dump, and, in turn, notify someone, either an elected police juryman or an employee of the police jury, and the police jury would put the person on its payroll as a part-time employee.
Unquestionably, Mr. Fontenot, while working at the trash dump, was jointly serving the two municipal bodies. Counsel for Zurich and the police jury contend that no employer-employee relationship existed between Fontenot and the police jury, and, consequently, his clients owe nothing. He cites Sicard v. City of New Orleans (La.App. 4 Cir., 1975), [176] So.2d 672, and Book v. Police Jury of Concordia (La.App., 2 Cir., 1952) 59 So.2d 151, and quotes Professor Wex Malone's treatise (Section 58 at page 66) the mentioned quotation being as follows:
`..., [T]he power to control the doing of the work, rather than liability for wages, is determinative as to who was the employer at the time of the accident.'"
In both Sicard and Book the Court of Appeal found that the payment of wages was not conclusive proof that an employer-employee relationship existed, especially when another party (found, in these cases, to be the employer) directly controlled the employee's actions.
The trial court distinguished those cases from the one now on appeal, as follows:
"The police jury's involvement here, however, is substantially more than the mere payment of wages. Fontenot was performing a function for the police jury as well as the Town of Kinder at the time of his injury. The trash dump was visited periodically by Mr. Savant, the police juryman elected from the district in which the dump was located. There is no evidence that the employment of anyone occupying the position of Mr. Fontenot was ever terminated, but certainly if Mr. Savant had seen that the plaintiff was not serving the purposes of the police jury, the police jury had power to stop *558 carrying Fontenot on its payroll as a part-time employee." (Emphasis added.)
The trial court correctly reasoned that this case is factually similar to and controlled by Continental Insurance Company v. Fireman's Fund Insurance Company, 350 So.2d 183 (La.App. 4th Cir. 1977), and by United States Fidelity & Guaranty Company v. American Employers Insurance Company, 315 So.2d 822 (La.App. 3rd Cir. 1975).
In Continental the injured employee was working simultaneously for Pendleton Detectives and Plywood Panels, Inc. The Court of Appeal found that each employer exercised some degree of control over the employee and that he was simultaneously performing services for both employers. The trial court found, and we agree, that the same situation exists here.
In the United States Fidelity & Guaranty case, the injured employee, Mrs. Landry, was a court reporter for the Fourteenth Judicial District, which is composed of the parishes of Calcasieu and Cameron. Although she was under the exclusive control of Judge Yelverton at the time of the accident and was doing her work in Cameron Parish when she was injured, the Court of Appeal stated: "She was at all times and places subject to the joint control of the two parishes through the district judge who hired and directed her." 315 So.2d at 824 (Emphasis added). The Court held each employer liable.
After considering the above cases, the trial court below concluded:
"It, of course, can be argued here that since Mayor Lafargue hired plaintiff, the Mayor controlled him. However, Mr. Fontenot, as was the case with Mrs. Landry, at all times was subject to the joint control of both bodies. In fact, because of the joint effort to operate the dump and the way it was, in fact, operated, it can only be concluded that Mayor Lafargue served as agent for the police jury and for the Town of Kinder in hiring Mr. Fontenot. The court, therefore, concludes that Homer Fontenot was the joint employee of the Town of Kinder and the Allen Parish Police Jury at the time he was injured." (Emphasis added).
We agree.

SOLIDARITY
Plaintiff herein has appealed to ask that the four defendants be cast in solido for the payment of medical expenses and workmen's compensation benefits to plaintiff. Defendants argue that the language of La.R.S. 23:1031 does not allow a court to hold joint employers solidarily liable. La. R.S. 23:1031 reads in pertinent part:
"In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee; but nothing in this section shall prevent any arrangement between the employers for different distribution, as between themselves, of the ultimate burden of such payments." (Emphasis added).
In disposing of this issue, the trial court reasoned as follows:
"The Supreme Court of Louisiana in Humphreys v. Marquette Casualty Co. (1958) 235 La. 355, 103 So.2d 895, declared the obligation of two joint employers to an injured employee to be solidary and, consequently, the court cast the two employers in judgment, in solido, to pay weekly benefits, medical expenses, penalties and attorney's fees. The court in Continental Insurance Co. v. Fireman's Fund Insurance Co. supra, stated that both insurers are liable to pay benefits. Thus, despite the fact that R.S. 23:1031 sets forth the rule governing the determination of the several liabilities of joint employers, judgment must be rendered against the two employers and their respective insurers, in solido, for medical expenses and weekly compensation benefits. That is to say, the plaintiff is to be free to execute the judgment of this court against either employer or either insurer, and R.S. 23:1031 determines the *559 respective rights of the defendants among and/or between themselves."
The trial court was correct in reasoning that the joint employers and their respective workmen's compensation insurers are solidarily liable to plaintiff for weekly benefits and medical expenses. However, the judgment signed by the trial court does not reflect the solidary nature of the obligation owed by the defendants to plaintiff. The omission was obviously inadvertent. We will amend the judgment to provide that defendants are solidarily liable for weekly benefits and medical expenses.
Defendants (the Town and Southern Farm), argue that Humphreys, supra, is inapposite because there the Supreme Court held the regular and borrowing employers to be solidarily liable whereas here the plaintiff worked for two separate employers during separate periods of the month, entitling him to receive workmen's compensation from each employer on the wages paid by each as provided by La.R.S. 23:1031, supra. We find defendants' argument against solidarity to be without merit. The fact remains, as found by the trial court, that plaintiff was at all times subject to the joint control of both employers. To bolster our holding that the employers are solidarily liable is the situation under the unusual facts of this case that the plaintiff would recover approximately the same amount even if he worked only one 48-hour week per month for one employer.
For example, if plaintiff had worked only one week per month at $2.10 per hour and the Town were his only employer, La.R.S. 23:1021(7)(a) would still be applicable since plaintiff's wages were being earned by the hour. Plaintiff would be entitled to compute his compensation on the basis of a 40-hour week and his weekly compensation from the Town would be $54.60. Similarly, if the Police Jury were the only employer and paid $2.00 per hour, the weekly compensation from it would be $52.00, and the sole employer, in each instance, would be liable for all the medical expenses as well. Certainly each employer benefits from the fact that the other is a co-employer since the ultimate liability of either to the plaintiff is significantly reduced when the other pays his share. But we do not think La. R.S. 23:1031 was intended to prevent a plaintiff in this situation from executing the entire judgment for weekly benefits and medical expenses against either defendant or its respective workmen's compensation insurer.

PROPORTIONATE LIABILITY OF THE EMPLOYERS
Although the defendants are solidarily liable to the plaintiff for weekly benefits and medical expenses, they are entitled to a determination of their proportionate liability vis-a-vis one another. The trial court declared the Town's share of the liability to be 48.8% and the Police Jury's share to be 51.2%. The trial judge inadvertently assigned the wrong proportions to the parties. The evidence plainly shows that the Town paid plaintiff $2.10 per hour in wages and that the Police Jury paid him $2.00 per hour. Accordingly, the Town is liable for 51.2% ($27.29 weekly), and the Police Jury is liable for 48.8% ($26.01 weekly), of the compensation benefits. They are also liable, in those proportions, for the payment of medical expenses incurred by the plaintiff.
The record shows that the Town and the Police Jury continued to pay plaintiff his regular wages until April 28, 1976, and May 31, 1976, respectively. Also, Southern Farm paid some compensation benefits to plaintiff until April 28, 1976, and also paid $5,046.56, approximately one-half of plaintiff's medical bills. The trial court allowed defendants a week for week credit for each week plaintiff was paid wages in lieu of compensation payments and for each week that compensation payments were made by Southern Farm. Credit was also allowed Southern Farm for medical expenses paid. No one has appealed that portion of the judgment allowing the credit, so it is affirmed.

PENALTIES AND ATTORNEY'S FEES
The trial court assessed the Police Jury, Zurich, the Town, and Southern Farm *560 with statutory penalties of 12% on all past due amounts plus legal interest from the date on which each unpaid amount was due, less the credits allowed. The Police Jury and Zurich were assessed $5,000.00 as attorney's fees. All defendants have appealed the imposition of penalties and attorney's fees. None of them claim that legal interest is not owed.
An insured employer should not be assessed penalties and attorney's fees. La. R.S. 23:1201.2; DeJean v. B. F. Trappey's Sons, Inc., 285 So.2d 297 (La.App. 3rd Cir. 1973); Dowden v. Liberty Mutual Insurance Company, 346 So.2d 1311 (La.App. 3rd Cir. 1977). Therefore, we amend the judgment to exempt the Town and the Police Jury from the payment of penalties and attorney's fees.
Southern Farm contends that it should be relieved of all liability for penalties. We find merit in this defendant's contention and feel that it is entitled to that relief. From the time of the accident until April 28, 1976, Southern Farm paid plaintiff weekly compensation benefits. Although the amount of these weekly benefits was considerably less than the amount that Southern Farm actually owed, the trial court found that Southern Farm intended to pay its proportionate amount but, through error, failed to do so. This error was never called to the attention of Southern Farm by plaintiff. Southern Farm discontinued weekly payments on April 28, 1976, after receiving a note from plaintiff's doctor, Dr. L. K. Moss, which stated that plaintiff could return to work on February 1, 1976. Southern Farm was entitled to discontinue the payments after receiving Doctor Moss' note. LaCalle v. Ashy Enterprises, 353 So.2d 439 (La.App. 3rd Cir. 1977).
After plaintiff filed suit on July 28, 1976, Southern Farm paid arrearages of $1,362.20 on November 18, 1976. This payment impressed the trial court, who noted that the insurance company voluntarily paid this amount without requiring plaintiff to produce medical reports to substantiate his claim of disability. Furthermore, Southern Farm has paid over $5,000.00 in medical bills, including one-half of the $7,871.62 bill from Lake Charles Memorial Hospital.
In view of the many payments it already has made, and its apparent good faith effort to contribute its share of the weekly benefits and medical expenses, we hold that Southern Farm should not be assessed with 12% statutory penalties.
Zurich contends that it should not be assessed penalties or attorney's fees because it offered a serious defense to the claim that its insured, the Police Jury, was plaintiff's employer. The trial court found that Zurich's constant refusal to pay any of the weekly benefits or medical expenses was arbitrary, capricious, and without probable cause. We cannot say that the trial court was wrong in this respect or that it erred in assessing penalties and attorney's fees against Zurich.
This Court has held recently that a dispute between two insurers as to which one owes compensation benefits is not a justifiable basis for withholding these benefits from the injured employee. Especially is this true when the defendants agree that compensation is due from one or the other if not both. The battle is between the two insurers and should not be waged at the expense of the injured worker. Joyner v. Houston General Insurance Company, 368 So.2d 1149 (La.App. 3rd Cir. 1979). See also Humphreys v. Marquette Casualty Company, supra, wherein our Supreme Court, in holding two insurers liable for penalties and attorney's fees, said:
"... It cannot be doubted that either one or the other or both of these insurance companies were liable for compensation. This being so, they should have made provision, either collectively or separately, for payment of compensation until their respective legal liability was determined. They could not justifiably withhold all benefits and force plaintiff to undergo the legal expense and the delay in collecting an admittedly valid claim, even though each might have had *561 reasonable grounds to litigate the issue of its legal liability for compensation."
103 So.2d at 907.
The trial court assessed $5,000.00 against Zurich as an award for plaintiff's attorney's fees. Counsel for Zurich argues that the award is excessive because the amount of time spent by and the degree of skill required of plaintiff's counsel to prosecute this case was minimal. While such factors may be considered by the trial court when fixing attorney's fees, they do not limit the exercise of the judge's discretion. When attorney's fees are awarded as a result of arbitrary nonpayment of benefits, such an award is deemed to be a penalty and the value of the attorney's fees need not be proven. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La.App. 3rd Cir. 1973). We do not think the trial court abused its discretion in awarding $5,000.00. Similar awards have recently been affirmed by Courts of Appeal in this state. Wactor v. Gurtler Hebert Construction Company, 343 So.2d 383 (La.App. 4th Cir. 1977), writ denied 345 So.2d 59 (La.1977); Fazande v. Continental Grain Company, 363 So.2d 1253 (La.App. 4th Cir. 1978); Dement v. International Paper Company, 363 So.2d 952 (La. App. 3rd Cir. 1978); Carmouche v. Haynes Lumber Company, Incorporated, 378 So.2d 466 (La.App. 3rd Cir. 1979). Since we think the award amply compensates plaintiff's counsel for his services at trial and on appeal, the amount will not be increased.[5]

DECREE
For the above and foregoing reasons, the judgment of the District Court is amended to provide that all the defendants are solidarily liable to the plaintiff, and to provide that the proportionate share of liability for the payment of weekly compensation benefits and medical expenses is 51.2% owed by the Town and its workmen's compensation insurer, Southern Farm, and 48.8% owed by the Police Jury and its workmen's compensation insurer, Zurich. The judgment is further amended to relieve Southern Farm, the Town, and the Police Jury, from paying statutory penalties of 12%, and to relieve the Police Jury from paying attorney's fees. In all other respects the judgment is affirmed.
All costs of this appeal are assessed against defendant, Zurich Insurance Company.
AFFIRMED, AS AMENDED.
NOTES
[1] The trial court found that the Police Jury paid Mr. Fontenot $2.10 per hour, and that the Town paid him $2.00 per hour. However, a review of the record shows conclusively, as Zurich's counsel claims, that the trial judge assigned the correct hourly wages but to the wrong employers. This inadvertency in the judgment will be amended accordingly.
[2] The record is unclear as to the exact amount of compensation paid by Southern Farm. The trial court says Southern Farm paid $29.90 every two weeks. Southern Farm, in its brief, claims the amount to be $17.50 every two weeks.
[3] Act No. 583 of the 1975 Regular Session of the Louisiana Legislature, which amended the Louisiana Workmen's Compensation Act did not become effective until September 1, 1975. Therefore, the determination of the extent of plaintiff's injury, and of his recovery, are governed by the statute as it existed before the 1975 amendments became effective.
[4] See Footnote 1.
[5] Usually this Court awards an additional amount in attorney's fees to the successful plaintiff for legal services rendered on appeal. Horn v. Vancouver Plywood Corporation, 322 So.2d 816 (La.App. 3rd Cir. 1975); Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3rd Cir. 1979). However, in this case, where no special circumstances have been shown, we feel that the amount of $5,000.00 in attorney's fees is ample remuneration for legal services rendered at trial and on appeal.