386 So.2d 151 (1980)
Allen MOREAU, Plaintiff-Appellee,
v.
HOUSTON GENERAL INSURANCE COMPANY, Defendant-Appellant.
No. 7682.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*152 Allen, Gooch & Bourgeois, Keith M. Borne, Lafayette, for defendant-appellant.
Pucheu & Pucheu, Jacque B. Pucheu, Eunice, for plaintiff-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Allen Moreau, instituted this action against the Houston General Insurance Company, who is the workmen's compensation insurer of his employer, Francis Myers, seeking to recover compensation benefits, penalties and attorney's fees. The trial court held that the defendant was liable to the plaintiff for workmen's compensation benefits, penalties and attorney's fees. From that adverse judgment, the defendant brings this appeal. The plaintiff answers the appeal seeking an increase in attorney's fees to cover the cost of defending this appeal. We affirm.
The facts reveal that on October 2, 1978, the plaintiff sustained a heart attack during his employment hours with Francis Myers, his employer. The plaintiff alleges that the attack was brought about by the duties he performed for his employer. It is also alleged that he has been completely disabled since the accident on October 2, 1978. The trial court determined that the plaintiff did sustain a heart attack in the course and scope of his employment and was entitled to compensation benefits at the rate of $90.50 per week. In addition, the trial court concluded that defendant, Houston General, was arbitrary and capricious in refusing to commence the payment *153 of compensation benefits. As a result of this arbitrary and capricious failure the trial court awarded 12% penalties in addition to $5,000.00 attorney's fees.
The defendant, Houston General Insurance Company, urges upon this court that the trial court committed three errors. The first specification of error is that the trial court was clearly wrong in concluding that the heart attack sustained by the plaintiff was causally related to his employment. The second allegation of error was that the trial court was manifestly wrong in concluding that defendant, Houston General Insurance Company, was arbitrary and capricious in its failure to pay benefits. The third error alleged is that the trial court was clearly wrong in awarding the plaintiff $5,000.00 in attorney's fees.

CAUSAL RELATIONSHIP BETWEEN HEART ATTACK AND EMPLOYMENT
The record reveals that the plaintiff, aged 55, has been employed as a farm laborer or oil field laborer all of his life. For the past five years he has been employed by the defendant, a farmer, helping to harvest the rice crops and doing general work with farm machinery. For the three months prior to the heart attack the plaintiff had worked helping to harvest the rice crop. At the time of the accident, the plaintiff's duties included driving a truck to pick up rice, driving it to the dryer and helping shovel the rice at the mill. Specifically, the plaintiff felt the heart attack while he was shoveling the rice, leveling the load on his truck to avoid spillage in the delivery to the mill.
After the attack took place, the plaintiff went to his residence where his wife gave him some Tylenol. Shortly thereafter, he was taken to see Dr. Sylvan Manuel in Eunice, Louisiana. The plaintiff explained to Dr. Manuel that he had severe chest pains which radiated down both arms. He further told Dr. Manuel that he was performing manual labor at the time the pain commenced. Dr. Manuel gave the plaintiff some pain medicine and then sent him home telling him to rest in bed.
Two days later the plaintiff was hospitalized in Moosa Memorial Hospital in Eunice. At that time a diagnosis of myocardial infarction was made. The plaintiff was administered oxygen and the customary treatment for heart attacks. He remained hospitalized for approximately ten days. At the conclusion of the hospital stay, he returned home but continued under the treatment of Dr. Manuel. He was ordered to continue his bed rest.
On December 7, 1978, the defendant had the plaintiff examined by Dr. Mounir Mnayer, a cardiologist. Dr. Mnayer diagnosed the plaintiff's illness as a myocardial infarction. An EKG revealed "a scar of the heart attack which affected the bottom part of the heart."
The plaintiff continued under Dr. Manuel's care but because of continued chest pains was hospitalized a second time at Moosa Memorial Hospital on January 2, 1979. On January 4th, 1979, the defendant had the plaintiff transferred to Lafayette General Hospital in order to be treated by the employer's physician, Dr. Mounir Mnayer. Dr. Mnayer testified that as a result of an angiogram he determined that of the three arteries leading to the heart one had a 75 percent blockage, a second was between 50 and 75 percent blocked and the third artery was normal but the branch coming from it was completely blocked.
Both Dr. Mnayer and Dr. Manuel testified that the work which the plaintiff was performing at the time of the accident precipitated or aggravated a heart attack. They both concluded that the plaintiff was unable to perform any type of manual labor, and therefore, was totally and permanently disabled.
The defendant argues that the trial court was clearly wrong in determining that the causal relationship between the employment and the heart attack was sufficiently proven. Defendant's position is based on the description of the occurrence of the heart attack initially given by the plaintiff to the adjuster, Mr. Don Faul, who interviewed *154 the plaintiff shortly after he sustained the attack. Mr. Faul testified that Mr. Moreau stated that he began to experience his chest pains while driving the rice truck from the field to the rice dryer. He further stated that the plaintiff did not tell him that he had been doing any type of work other than the mere driving of the truck at the time he began to experience the pain in his chest. Regarding this alleged contradiction, we refer to the written reasons of the trial court, which are well supported by the record as a whole. The trial judge stated:
"The adjuster claims to understand French but to only speak it a little. The court did not test the adjuster but it is apparent that the plaintiff speaks little English, and the adjuster very little French; that to even reasonable (sic) communicate with the plaintiff, the adjuster had to use the plaintiff's wife as an interpreter. The court believes though plaintiff only gave a general description of his particular employment that day and did not intend a specific pinpoint description of the particular act that caused his disability."
It matters not that at the exact time plaintiff first began to experience chest pains he was simply driving a truck if it be shown by a preponderance of the evidence that his injury was precipitated by his usual and customary employment duties. Our Supreme Court in Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975) stated:
"However, it is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart attack could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. As previously stated, it is only necessary that the death or disability resulting from the accidental injury be caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. (citations omitted.)" (Emphasis supplied.)
The question of whether there is a causal relationship between the disability and the employment is a question of fact, not law. Roussel v. Colonial Sugars Co., supra.
It is well settled that, regarding a factual determination, the trial court should not be reversed unless the trial court was clearly wrong from an examination of the record as a whole. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Our review of the record as a whole, and particularly the medical testimony, reveals ample support for the trial court's factual conclusions. Causal connection was clearly established by a preponderance of the evidence.

PENALTIES AND ATTORNEY'S FEES
The issue of whether the refusal to pay compensation benefits was arbitrary and capricious is a factual determination which must be determined upon the merits of each case. The defendant contends that there was a bona fide dispute as to whether the heart attack was causally related to the plaintiff's employment. Our reading of the record does not establish a genuine factual issue. There is no real conflict in the evidence. The purpose of the penalty provision of the workmen's compensation statute is to discourage an attitude of indifference to the injured employee's condition. Poindexter v. South Coast Corporation, 204 So.2d 615 (La. App. 4th Cir., 1967). The record fully supports the trial court's determination that the defendant was arbitrary in refusing to pay the claim. We affirm the casting of the statutory penalties and attorney's fees against the defendant.

ARE THE ATTORNEY'S FEES EXCESSIVE?
The defendant further argues that the trial court erred in awarding attorney's fees *155 in the amount of $5,000.00 and suggests a reduction therein. In Fontenot v. Town of Kinder, 377 So.2d 554 (La. App. 3rd Cir., 1979) we recently stated:
"The trial court assessed $5000 against Zurich as an award for plaintiff's attorney's fees. Counsel for Zurich argues that the award is excessive because the amount of time spent by and the degree of skill required of plaintiff's counsel to prosecute this case was minimal. While such factors may be considered by the trial court when fixing attorney's fees, they do not limit the exercise of the judge's discretion. When attorney's fees are awarded as a result of arbitrary non-payment of benefits such an award is deemed to be a penalty and the value of the attorney's fees need not be proven. Trahan v. Rockwood Insurance Company, 284 So.2d 659 (La. App. 3rd Cir., 1973)."
We do not believe that the trial court abused its discretion in awarding $5,000.00 as attorney's fees. Similar awards have been affirmed by courts of appeal in this state. See discussion and citations in Fontenot v. Town of Kinder, supra.
The plaintiff answered the defendant's appeal and asked for an additional $1,000.00 in attorney's fees to cover the cost of defending this appeal. We deny an award of additional attorney's fees. We feel that the amount of $5,000.00 is ample remuneration for the legal services rendered at trial and on this appeal. See Fontenot v. Town of Kinder, supra.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against the defendant-appellant.
AFFIRMED.
GUIDRY, J., concurs in the result.