DENNIS, Justice.
The principal issue for review in this crop damage suit is whether plaintiffs, home vegetable farmers, are entitled to damages for loss of use of their property for farming purposes in the years after their 1971 crops were destroyed by herbicide escaping from defendant’s chemical disposal plant.
Plaintiffs, Henry and Alma Goodlow Phillips, owned a 714 acre tract of land upon which they resided and grew vegetables for sale and family consumption. In 1970 the defendant corporation began operating its waste disposal plant on adjacent property. In 1971, about one-half of plaintiffs’ vegetable crops were destroyed by an herbicidal chemical which escaped and drifted from defendant’s disposal plant. Although plaintiffs were not aware of the exact nature of the chemical agent responsible, they associated the crop kill with their neighbor’s disposal operation. Therefore, plaintiffs reduced the size of their 1972 crop to cut losses in case of another crop blight. Their fears were well founded because escaping chemicals destroyed all the vegetables they had planted. In 1973, after a very small sample planting met the same fate, plaintiffs moved from the property and discontinued farming operations.
The plaintiffs sued the defendant corporation for damages resulting from the drifts of chemicals on to their property. The trial court awarded them damages for the value of the crops it found were destroyed: $2,129.88 in 1971; $627.36 in 1972. Plaintiffs appealed contending they were also entitled to compensation for loss of use of their property in 1972 and succeeding years; an additional award for crop damages; and compensation for personal injuries caused by the chemicals. The court of appeal affirmed. We granted writs to determine whether the trial court arrived at the correct measure of damages.
Plaintiffs’ argument that they should be awarded damages for loss of use of their property for farming purposes in 1972 and 1973 has merit. Both Mr. and Mrs. Phillips testified without contradiction that they had farmed their acre tract without a crop failure for 22 years before the defendant began its chemical disposal operation. Almost immediately upon the beginning of chemical incineration in late 1970 the Phil-lipses began to notice unpleasant odors and oral-nasal sensations. The first vegetables harvested the next year, 1971, had a peculiar taste, and that year one-half of the crop died. The Phillipses decided to plant a small crop early the next year-if it survived they planned to plant a complete crop; if not, they wanted to save the cost of seed, fuel and labor. The entirety of the 1972 crop died. Plaintiffs repeated the same process on an even smaller scale in 1973. They left the small farm and moved to a housing project in the city after their 1973 planting failed. Plaintiffs’ expert witnesses, pesticide-herbicide specialists, who inspected the farm in 1971 and 1972 testified without direct contradiction that the plaintiffs’ crops were killed by phenoxy chemicals which emanated from defendant’s plant. They determined this by inspecting the physical symptoms of the damaged plants, surveying the area for herbicide damage, and locating the contours of the chemical drift patterns. All of their findings indicated that the defendant’s disposal system was the source of the chemical drifts.
*1150 A plaintiff has the burden of proving by a preponderance of the evidence the damages caused by the defendant’s fault. La.C.C. art. 2315; Coleman v. Victor, 326 So.2d 344 (La.1976); Jordan v. Travelers Ins. Co., 245 So.2d 151 (La.1971). The damage caused is not always estimated at the exact value of the thing destroyed or injured; it may be reduced according to circumstances, if the owner has exposed it imprudently. La.C.C. art. 2323; Unverzagt v. Young Builders, Inc., 215 La. 1091, 315 So.2d 823 (1968); Pelloguin v. Mo. Pac. R. Co., 216 So.2d 686 (La.App. 3d Cir. 1969).
The evidence shows that despite prudent actions by the plaintiffs they were prevented from using their property in 1971-73 to harvest vegetable crops as they had done for 22 years previously. There is every reason to assume that, but for the defendant’s fault, they would have continued successfully to farm their small tract as they had done for over two decades. They acted prudently by investing only a small amount in seed, tractor fuel and labor in 1972 and 1973 to see if a crop could survive the chemical pollution. Accordingly, plaintiffs should have been awarded damages for the loss of use of their property in each of these years. Plaintiffs’ expert witness testified and submitted, without objection, an exhibit estimating the net profit that the Phillipses would have realized from their farm during 1971-77 at $2,048.16 per year. We find this to be an appropriate measure of annual damages to be awarded for loss of use of the property for farming.
We also find some merit in plaintiffs’ request for damages for their own physical injuries. Their uncontradicted testimony established that they suffered, in 1971-73, from respiratory ailments, eye irritations, and burning in the nose and mouth, which they attributed to defendant’s chemical disposal operation. Plaintiffs did not suffer any extreme illness or permanent injury, however. Accordingly, we will award $750 to each plaintiff for physical injuries during 1971, 1972 and 1973.
Despite plaintiffs’ arguments we must reject their demands for all other elements of damages. The trial judge’s award for loss of the 1971 crop is reasonable and well supporte by the evidence: he awarded the amount f.xed by plaintiffs’ own expert witness for the value of those crops. Also, the trial judge’s refusal to award damages for 1974 and following years is supported by the record. According to plaintiffs’ own experts, phenoxy chemicals are not permanently damaging to the soil and do not have a residual effect upon crops, except for some which were not in cultivation by plaintiffs. The plaintiffs adduced no evidence whatsoever pertaining to the market value of their property before and after commencement of defendant’s operations. Consequently, the evidence of permanent or continuing damage to the property after 1973 is so weak as to justify the trier of fact’s rejection of this claim.

Decree

For the reasons assigned, the principal sum of the judgment in favor of Henry Phillips and Alma Goodlow Phillips against Rollins-Purle, Inc. is increased from $2,757.23 to $7,726.20; as amended, the judgment is affirmed at the defendant’s cost.
AMENDED AND AFFIRMED.
LEMMON, J., concurs and assigns reasons.