CULPEPPER, Judge.
Dennis C. Gilerease sues his former employer, J.A. Jones Construction Company, for worker’s compensation benefits for total and permanent disability, plus penalties and attorney’s fees. The district court found that the claimant is totally and permanently disabled and awarded benefits during such disability, plus any unpaid medical and travel expenses. Further finding that the defendant was arbitrary and capricious in refusing to pay, the trial court also awarded penalties and attorney’s fees pursuant to LSA-R.S. 22:658. Defendant appeals this judgment and raises these questions: (1) Did the trial court err in finding the plaintiff totally and permanently disabled? (2) Did the trial court err in finding the defendant arbitrary and capricious? (3) Did the trial court award an excessive amount of attorney’s fees?
The plaintiff-appellee answered the appeal seeking an increase in the amount of attorney’s fees for services rendered on appeal.
FACTS
The record shows that plaintiff was employed as a laborer for defendant on June 22, 1981, and was within the course and scope of his employment when he fell from a ladder and injured his back. There is no serious dispute as to these facts.
His condition was initially diagnosed as a bruise by Dr. Brian, a general practitioner, and his diagnosis was concurred with by Dr. Dyer, the plaintiff’s family physician. Dr. Dyer released Mr. Gilerease to return to light duty, and he attempted to continue working but was unable to cope with his duties at the construction site as a result of the pain from his injury.
No compensation benefits were paid by his employer’s compensation insurer, so as a matter of economic necessity, Mr. Gilerease took a job at Surf side Pools from July 24, 1981 through August 28, 1981, keeping his back injury secret. He quit this job because Surfside was beginning to lay workers off for the slack season and because his back was bothering him more each day he worked. He also worked one day for Country Pride Foods in Natchitoches, but he stated he found the pain too much for him to continue working.
In November, since his back was getting worse rather than better, the claimant was examined by orthopedic specialist, Dr. Banks. The examination revealed that he has a retrolisthesis of the L5 vertebra on the SI vertebra. Dr. Banks described this as a relative backward displacement of the body of the L5 on the SI. The symptoms of this condition are localized back pain, pain on hyperextension, i.e., lifting ones arms up above ones head, and occasionally sciatic pain due to irritation of the first sacral nerve root. Mr. Gilcrease’s symptoms were found to be consistent with this diagnosis. Dr. Banks testified that any lifting or twisting motion would produce pain.
Conservative treatment was not successful, so Dr. Banks recommended surgery for spinal fusion of the joint. The claimant’s surgery was scheduled to be performed 2Vz weeks after the trial of this matter. It will be four to six months from the surgery before the success of the fusion can be evaluated, and if the surgery is successful, Mr. Gilerease may be able to return to manual labor eight months after the surgery. Dr. Banks testified there is a 92% success rate with this type fusion procedure. He estimates that with a successful fusion Mr. Gilerease would have no more than a 15% disability of the body as a whole.
Dr. Banks stated that at the time of trial the plaintiff was restricted from lifting anything weighing over 20 pounds or lifting anything above mid-chest level. Nor should he operate vehicles or equipment that would jar his back.
This suit was filed on December 9, 1981. No compensation benefits were paid until February 5, 1982, when the defendant’s *276 compensation insurer paid for the period from the date of the accident to the date Dr. Dyer released Mr. Gilcrease to return to light duty. On March 30, 1982, benefits were paid to cover the period from November 25,1981 through April 6, 1982 and payments were maintained up to the time of trial.
The trial court held plaintiff entitled to benefits commencing with the date of the accident, June 22,1981, and continuing during the duration of permanent and total disability, with defendant given credit for the prior weekly benefits already paid. He further awarded penalties and attorney’s fees for arbitrary and capricious refusal to pay.
Defendant contends that Mr. Gilcrease should not have received benefits for total and permanent disability, and that the refusal to pay was not arbitrary and capricious.
DISABILITY
The standards for determining whether a claimant is entitled to compensation benefits for total disability were set forth by the Louisiana Supreme Court in Lattin v. Hica Corporation, 395 So.2d 690 (La.1981):
“A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability, (citations omitted)
* * * % *
“Under the odd lot doctrine, a claimant is considered totally disabled if his injury makes him an odd lot in the labor market, that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity that a reasonably stable market for his services does not exist. An odd lot claimant need not be absolutely helpless to qualify for total disability. If the claimant can prove that his physical condition, mental capacity, education, training age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. This satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The employer or insurer must then show that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to the employee’s residence.”
The Supreme Court further held that if a claimant’s pain appreciably limits the types of work available to him and diminishes his ability to compete in the labor market, he must be awarded total disability benefits, unless there is proof that jobs are realistically available to him. On the other hand, if it is proven that he has the mental capacity to perform other jobs which are available, the worker should be considered partially disabled.
The plaintiff in the instant case is a 23-year-old man who quit high school at age 16. He was in the ninth grade at the time, as a result of previous failures. His work history consists entirely of jobs in the field of manual labor such as the one on which he was injured. Both the lay and medical testimony established that plaintiff is now disabled from performing such work because of the substantial pain it causes.
Defendant on the other hand failed to show that other jobs involving light physical duties are realistically available to him. The defendant’s vocational expert, Dr. Hearn, testified that he thought the plaintiff could perform various sedentary jobs such as light delivery, engine repair work, light janitorial or maintenance work or even a cashier’s job. This testimony was based strictly on Dr. Hearn’s survey of employment in the area, and his review of the depositions of Mr. Gilcrease and Dr. Banks. He conducted no personal interview with the plaintiff, nor did he attempt to determine the mental capacity or educational status of the claimant.
The trial court accorded little weight to Dr. Hearn’s opinion, and we agree. Furthermore, it is evident from the record that Mr. Gilcrease has a limited mental capacity *277 as well as minimal education. The claimant testified that he is only able to read and write a “little bit,” and his wife testified that she handles the household finances because her husband has difficulty remembering details such as dates, amounts and names.
Dr. Banks testified that plaintiff could perform many of the duties involved in light duty jobs, but stated the claimant would have limitations in each one, so that he could not perform every duty which would be required of him in that position.
We conclude defendant failed to sustain its burden of proving there are other jobs realistically available to this claimant. We therefore hold that the trial court was not clearly wrong in finding him totally and permanently disabled.
PENALTIES AND ATTORNEY’S FEES
Defendant argues that the trial court erred in assessing statutory penalties and attorney’s fees against it. The evidence shows that in denying benefits defendant relied solely on the medical report by Dr. Dyer releasing Mr. Gilcrease from active medical treatment. The employer was well aware of plaintiff’s accident and also of his difficulties in performing his duties when he returned to work approximately a week after his injury. The evidence is unrebut-ted that his employment was terminated as a result of this inability to do his job. When Dr. Dyer advised the employer that plaintiff could return to light duty, but was still under a doctor’s care, Gilcrease was advised that no light duty was available, and compensation benefits were refused. Even after being informed of plaintiff’s disability based on Dr. Banks’ examination in November, 1981, the employer’s insurer continued to refuse benefits. Plaintiff filed this suit on December 9, 1981. No benefits were paid until February 5, 1982, when defendant paid weekly benefits for the first two weeks after the injury, but did not pay all medical bills due at that time.
Under these circumstances, we find the trial court was not clearly wrong in finding the defendant arbitrary and capricious in its failure to pay, and in awarding penalties and attorney’s fees pursuant to LSA-R.S. 22:658.
Attorney’s fees were awarded in the amount of $3500. The defendant contends this award is excessive. The plaintiff has answered the appeal to seek an increase in this amount for services on appeal.
Under the circumstances of this case, we do not feel that the award was an abuse of the trial court’s discretion. This award will therefore be affirmed. See Moreau v. Houston General Insurance Company, 386 So.2d 151 (La.App. 3rd Cir.1980); Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir.1979), writ refused 379 So.2d 1102 (La.1980).
For the services rendered in defending this appeal we grant an additional award of $500 for attorney’s fees.
For the above and foregoing reasons, the judgment of the trial court is amended to award an additional $500 in attorney’s fees, and is in all other respects affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.