RONALD D. COX, Judge Pro Tern.
Weston Bellard brought suit against the worker’s compensation insurer, Commercial Union Insurance Company, to recover *447 disability benefits, penalties, and attorney’s fees. Plaintiff was injured during the course and scope of his employment with Lowrey & Ellis Construction Company on March 28, 1984. The trial court rendered judgment in favor of plaintiff, awarding him permanent total disability benefits and medical expenses. From that adverse judgment, the defendant brings this appeal. The plaintiff answers the appeal seeking an increase in the amount of weekly benefits, as well as attorney’s fees and penalties.
The issues on this appeal are whether the trial court erred in (1) finding Mr. Bellard permanently and totally disabled; (2) finding the weekly compensation rate was $133 rather than $160; and (3) denying attorney’s fees and penalties. We affirm.
FACTS
Plaintiff is a 22 year old man who quit school in the seventh grade at the age of 17, and whose job training is limited to heavy physical labor. On March 28, 1984 while employed as a carpenter’s helper, plaintiff stumbled and fell against a table saw. He almost totally severed the index and middle finger of his left hand, as well as badly cutting his thumb. Plaintiff’s ring finger is practically useless due to a football accident several years ago.
Dr. Ladislas Lazaro, an orthopedic surgeon with a subspecialty in hand surgery, treated the plaintiff on the day of the accident. Dr. Lazaro amputated the index and middle fingers of the left hand below the midjoint, and grafted skin onto the thumb. Plaintiff experienced tenderness and swelling of his hand, so Dr. Lazaro ordered physical therapy and a special hand clinic.
Dr. Lazaro assigned a 28% functional and anatomical impairment to the total hand. Because of the amputations and preexisting injury, plaintiff has lost a major part of the strength and dexterity in his left hand. In a report dated July 30, 1984 Dr. Lazaro stated: “I would feel that nothing additional would be indicated except observation. I would not restrict the hand, but he may indeed have difficulty with certain types of labor and competing effectively on the labor market.” On September 7th, 1984 the doctor released plaintiff to return to work, stating: “I would not restrict his duties, but it should be understood that he might have a problem competing on the labor market.” Based on Dr. Lazaro’s reports and release, defendant terminated the compensation benefits.
PERMANENT TOTAL DISABILITY
Defendant asserts the trial court erred in finding the plaintiff permanently and totally disabled under the new Worker’s Compensation Act. The new statute, effective July 1, 1983, places a more stringent burden of proof (“clear and convincing evidence”) upon a claimant seeking benefits for a permanent total disability. LSA-R.S. 23:1221 provides in pertinent part as follows:
“(2) Permanent total.
(a) For any injury producing permanent total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds percent of wages during the period of such disability.
[[Image here]]
(c) For purposes of Subparagraph (2)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (2)(b) of this Paragraph, compensation for permanent total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self- *448 employment, including, but not limited to, any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.”
The trial judge in his reasons for judgment wrote: “The Court, having reviewed all of the evidence, is convinced that plaintiff is totally and permanently disabled, and is unable to engage in any self-employment or occupation for wages.” Further, the trial court found that plaintiff was unable to engage in the work he had previously performed. He cannot form a fist, grab or hold nails with his left hand, handle a shovel, use a crowbar, lay or remove heavy timbers used in board road construction, do roofing, or any carpentry whatsoever.
As to the plaintiff’s demeanor while testifying, the trial court observed that “plaintiff is not very intelligent, but that he was honest and truthful as a witness, and not a malingerer.”
We note that defendant did not put on any contradictory evidence, such as vocational rehabilitation specialists, showing plaintiff could engage in any kind of employment.
The trial court’s factual findings will not be disturbed on review by the appellate court absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find that the evidence supports the trial court’s finding and, therefore, is without manifest error.
COMPENSATION RATE
Plaintiff answered the appeal, citing error in the compensation rate. The trial court found at the time of the accident while employed by Lowrey & Ellis Construction Company plaintiff earned $5 per hour. At trial plaintiff attempted to show his correct rate of pay was $6 per hour. However, plaintiff only remembered having been paid on one occasion, in cash, in the amount of $70.
Both the insurance claims adjuster and the Louisiana Worker’s Compensation Board determined the rate of pay at $5 per hour. Based on the entire record, we cannot say that the trial court was clearly wrong in finding the compensation rate to be based on $5 per hour.
ATTORNEY’S FEES AND PENALTIES
The defendant paid compensation benefits until September 25, 1984, when it received Dr. Lazaro’s report releasing plaintiff to work without restriction. The trial court stated: “... the statute providing for such is penal in nature, and unless defendant had been capricious and arbitrary and acted without probable cause in terminating or denying compensation benefits, plaintiff is not entitled to recover them. The Court finds that plaintiff is not entitled to recover them under the facts presented.” Although Dr. Lazaro’s report indicated the plaintiff would probably have trouble competing in the labor market, we feel the language is not so strong as to warrant imposition of attorney’s fees and penalties. The trial court is vested with great discretion to fix attorney’s fees in a worker’s compensation case. Moreau v. Houston General Insurance Co., 386 So.2d 151 (La.App. 3rd Cir.1980); Latiolais v. Home Insurance Co., 454 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 610 (La.1984). The trial court’s denial of attorney’s fees and penalties did not constitute an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by defendants.
AFFIRMED.