HOOD, Judge.
This is a workmen’s compensation suit instituted by William M. Crooks against Tioga Timber Company, Inc., and its insurer, Southern Casualty Insurance Company. Judgment was rendered by the trial court in favor of plaintiff, awarding him compensation benefits based on a finding of total and permanent disability, plus penalties and attorney’s fees, subject to a credit for the amounts previously paid. Defendants appealed. Plaintiff answered the appeal praying that the amount awarded as attorney’s fees be increased.
The sole issues presented are whether plaintiff is entitled to recover penalties and attorney’s fees, and if so, whether the amount awarded as attorney’s fees is excessive or inadequate.
Plaintiff sustained an injury to his right leg on September 13, 1971, while cutting timber or pulpwood for Tioga Timber Company. He was examined and treated by Dr. Daniel Kingsley, an orthopaedic surgeon, on the day the accident occurred, and he has been under the treatment of that doctor continuously since that date.
The defendant insurer paid workmen’s compensation benefits to plaintiff at the rate of $49.00 per week from the date of the accident, September 13, 1971, until October 30, 1975. It discontinued paying those benefits on October 30, 1975, however, and no other compensation benefits have been paid to plaintiff since that date. The aggregate sum of $10,535.00 was paid to plaintiff as compensation benefits before the suit was filed, and $2,459.89 was paid as medical expenses.
This suit was instituted on November 10, 1975. The trial was held on March 18, 1976. The trial judge concluded that plaintiff has been totally disabled since the date of the accident, and that defendants were arbitrary, capricious, or without probable cause, in discontinuing the payment of compensation benefits on October 30, 1975. He rendered judgment in favor of plaintiff, awarding him compensation at the rate of $49.00 per week, beginning September 13, 1971, and continuing for a period not to exceed 500 weeks, together with penalties and attorney’s fees, subject to a credit for the amounts previously paid. The sum of $2,000.00 was awarded to plaintiff as attorney’s fees.
The evidence shows that plaintiff has been totally disabled within the meaning of the workmen’s compensation act since September 13, 1971. Defendants apparently concede on this appeal that plaintiff is still disabled. They argue here, however, that they had “probable cause” to discontinue the payment of compensation benefits, that they were not arbitrary or capricious in doing so, and that the trial judge erred in condemning them to pay penalties and attorney’s fees.
A determination of the question of whether the discontinuance of compensa *917 tion is arbitrary, capricious, or without probable cause, depends primarily upon the facts existing and known to the employer, or to its insurer, at the time the payments were stopped. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); Arthur v. McConnell, 286 So.2d 499 (La.App. 2 Cir. 1973).
Dr. C. W. Lowrey, an orthopaedic surgeon, examined plaintiff on December 18, 1972, and reported to the defendant insurer at that time that in his opinion Crooks had about a 30 to 35 percent impairment of the right leg as a whole.
Dr. Kingsley, plaintiff’s treating physician, reported to defendant on May 8, 1973, that he agreed with the “percentage of disability given by Dr. Lowery.” On October 23, 1973, he reported that plaintiff’s residual disability was about 10 percent higher than his previous estimate, making it 45 percent of the extremity as a whole. On May 1, 1974, he reported to defendant that he found no reason to change his previous estimate of disability. Immediately after his last examination of plaintiff, made on July 11, 1975, he reported that “I actually see no changes from my previous report,” and we interpret that to mean that he felt that Crooks still had a 45 percent disability of the right leg. He stated in that report, however, that he found plaintiff’s thighs to be equal in circumference, and that “The fact that the thighs are equal in circumference I think is very significant.”
Dr. Kingsley testified at the trial that he felt that plaintiff was disabled from doing heavy manual labor when he last examined him, and that he “never informed the company that plaintiff could go back to heavy manual labor.”
Defendants received no other medical reports as to plaintiff’s condition between the time Dr. Kingsley reported on his examination of July 11, 1975, and the time payment of compensation benefits was discontinued on October 30, 1975. All of the medical reports which defendants had on the last mentioned date thus showed clearly that plaintiff was still disabled.
Crooks was examined by Dr. R. J. Beur-lot, Jr., an orthopaedic surgeon, on January 19, 1976, after this suit was filed. Dr. Beurlot confirmed the other medical reports that plaintiff could not perform heavy manual labor.
Defendants contend, however, that they had probable cause to discontinue the payment of additional benefits because of other information which they obtained about plaintiff’s condition.
Mr. Barry Mitchell, an adjuster for defendant insurer, testified that he observed plaintiff cutting and hauling pulpwood on two occasions within a week or ten days prior to October 30, 1975. He reviewed plaintiff’s file and noticed that Dr. Kingsley had found no atrophy in plaintiff’s right leg on July 11, 1975. He thereupon ordered a retail credit report on plaintiff, and was informed by that report that Crooks was working at that time. He talked to several local business people and was informed by them that plaintiff had been hauling wood with his son, but that his son had sustained an injury and was then disabled. Mitchell then engaged the Wilkins Claim Service to investigate the matter, and in connection with that investigation plaintiff’s son signed a statement to the effect that plaintiff was physically able to work in the wood business. Mitchell then discussed the matter with his attorney and decided to discontinue the payment of compensation to plaintiff on October 30, 1975.
Mitchell stated that he did not consult Dr. Kingsley or any other doctor before he terminated plaintiff’s compensation payments. He conceded that on the two occasions when he observed Crooks working in the woods, he did not see plaintiff use a chain saw, lift anything heavier than a light chain or do any heavy manual labor. He saw plaintiff drive a loader and a truck, which was shown to be light work. The evidence shows that plaintiff worked in the woods with his son after the accident, but that he performed only light duties, such as driving a truck or loader. He did not do any sawing, lifting, climbing or heavy manual labor.
*918 Considering all of the facts presented here, we conclude, as did the trial judge, that defendants were arbitrary in discontinuing the payment of compensation benefits without first having plaintiff examined again by a doctor, or without obtaining additional medical evidence as to his ability to return to work. We agree with the trial judge that defendants were arbitrary, capricious, or without probable cause, in discontinuing the payment of compensation benefits to plaintiff on October 30, 1975.
We thus find no error in that part of the judgment appealed from which condemns defendants to pay penalties and attorney’s fees.
The trial judge awarded plaintiff $2,000.00 as attorney’s fees. Defendants contend that the award is excessive and should be reduced. Plaintiff contends that it should be increased.
The amount awarded as attorney’s fees rests largely on the discretion of the trial court. The factors which may be considered in determining the amount of such an award include the volume of work performed by the attorney, the amount of the claim, the amount recovered for the plaintiff, the skill required of the attorney and the time devoted to the case. Each case must be decided in the light of its own facts and circumstances, bearing in mind that the fee awarded must be reasonable. Bezue v. Hartford Accident and Indemnity Company, 224 So.2d 76 (La.App. 1 Cir. 1969); Ray v. Superior Iron Works and Supply Company, Inc., 284 So.2d 140 (La.App. 3 Cir. 1973); Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3 Cir. 1976).
In the instant suit the trial was completed in one day. One deposition was taken in connection with that trial, and that was taken by plaintiff in the office of plaintiff’s counsel. A motion to traverse plaintiff’s right to sue in forma pauperis was filed by defendants, but the parties stipulated shortly thereafter that plaintiff was able to pay the costs as they accrued and that the order authorizing him to sue in forma pauperis should be rescinded. The rule was never tried. Only one doctor testified at the trial, and he was called by plaintiff. There was no serious contest as to any of the facts or as to the law. Only a minimum of skill was required on the part of the attorney for plaintiff in handling the case. Plaintiff’s counsel was thoroughly familiar with the case before the payment of compensation benefits was discontinued and before suit was filed, since he had represented plaintiff for some time before this suit was instituted and compensation benefits had been paid through the office of plaintiff’s counsel. A substantial part of the total compensation due plaintiff was paid voluntarily by defendants before the suit was filed. Plaintiff claimed, and the trial court properly awarded to him, only the remaining payments which were owed. There were no contests as to the amount of plaintiff’s wages, the amounts of the weekly payments which were due, the hazardous nature of the employment, or whether plaintiff’s injury was sustained in the course of his employment.
Considering all of the above circumstances, we conclude that the amount awarded by the trial court as attorney’s fees was reasonable, that it adequately compensates plaintiff’s counsel for the work performed in this case, both in the trial court and on appeal, and that the fee allowed was not excessive. We find that the trial court did not abuse his discretion in fixing the fee at $2,000.00, and we thus affirm that award.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.
WATSON, J., concurs in part and dissents in part.