GUIDRY, Judge.
The plaintiff, Buford Douglas Miller, brought this suit seeking workmen’s compensation disability benefits, medical expenses, and penalties and attorney’s fees. Made defendants were Miller’s employer, Electrical and Pneumatic Services, Inc., and its workmen’s compensation insurer, Northwest Insurance Company. At the trial, the parties stipulated that the plaintiff was involved in an accident on December 17,1981, while in the course and scope of his employment. The trial court found that the plaintiff was totally disabled from the date of the accident to May 20, 1982, a total of twenty-two weeks. The plaintiff was awarded weekly benefits for the period of disability, a total of $4,026.00, subject to a credit for compensation paid in the amount of $1,647.00, a net balance to the plaintiff of $2,379.00. The trial court also awarded plaintiff medical and travel expenses, but denied penalties and attorney’s fees.
The plaintiff appeals, asserting that the trial court erred (1) in failing to find the plaintiff totally and permanently disabled; and, (2) by refusing to hold the case open to allow the plaintiff to obtain another medical diagnosis of his condition.
The plaintiff was employed by the defendant, Electrical and Pneumatic Services, Inc., as an electrician. The work accident which forms the basis of the plaintiff’s claim occurred on December 17, 1981, while the plaintiff and two other members of his work crew were enroute to a job site in a company pickup truck. Plaintiff’s co-employee, the driver of the pickup, pulled onto a highway into the path of a large truck, the tractor portion of an eighteen wheel tractor-trailer rig. This vehicle struck the pickup truck from behind, causing the alleged injuries to plaintiff’s back and neck. Following the accident, the plaintiff and the other crew members were taken in an *604 other vehicle to the job site, where the plaintiff completed the work day.
In support of his first assignment of error, the plaintiff asserts that he is unable to work as an electrician without substantial pain to his back, and that he therefore remains totally and permanently disabled by the work accident. He testified that he attempted to perform two separate jobs as an electrician since the accident, but was unable to complete the jobs due to the pain in his back.
A worker who is unable to maintain gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corporation, 395 So.2d 690 (La.1981); Culp v. Belden Corporation, 416 So.2d 1311 (La.App. 3rd Cir.1982), affirmed 432 So.2d 847 (La.1983). A claimant is not considered disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident. The pain or discomfort is considered disabling only if it is substantial or appreciable pain. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied, 407 So.2d 735 (La.1981); Hollis v. Travelers Insurance Company, 368 So.2d 154 (La.App. 3rd Cir.1978). Whether a claimant’s pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine v. Courtney Construction Company, supra; Guidry v. Ford, Bacon & Davis Construction Corporation, 376 So.2d 352 (La.App. 3rd Cir.1979).
The claimant has the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Augustine v. Courtney Construction Company, supra; Guidry v. Ford, Bacon & Davis Construction Corporation, supra. Whether the claimant has carried the burden of proving disability must be determined by examining the totality of the evidence, including both lay and medical testimony. Augustine v. Courtney Construction Company, supra; Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977).
On appellate review, the trial court’s factual findings with regard to the issue of disability is entitled to great weight, and will not be disturbed absent clear error. Culp v. Belden Corporation, supra; Crump v. Hartford Accident and Indemnity, 367 So.2d 300 (La.1979).
In the instant case, the trial court considered the testimony of two orthopaedic surgeons who examined the plaintiff. Dr. Daniel Kingsley first examined the plaintiff on February 1, 1982. He testified that upon his first examination he was unable to find any basis for the plaintiff’s complaints of pain. Dr. Kingsley again examined the plaintiff on February 25, 1982. On the second visit, Dr. Kingsley was still unable to find any indication of disc injury or any evidence of disability. It was his opinion that the plaintiff was at all times able to return to work.
The trial court also considered the deposition of Dr. Ray Beurlot, who examined the plaintiff on April 1,1982, and once more on April 8, 1982. Dr. Beurlot testified that while he suspected a disc injury, he was unable to find any purely objective indications of such an injury. His suspicion of disc involvement was due to sensory tests in which he found some decreased sensation in the plaintiff’s legs and feet. Dr. Beurlot testified that a CAT scan would be helpful in determining whether a disc injury was present. He stated that a negative CAT scan would, with eighty-five to ninety percent reliability, rule out a disc injury. Subsequent to the taking of Dr. Beurlot’s deposition, a CAT scan was performed on the plaintiff and was interpreted to be normal.
The trial court concluded that the extent and duration of the plaintiff’s injury was questionable, and that if any disability were present, it could not extend beyond May 20, 1982, the date the CAT scan was performed on the plaintiff. The trial court awarded the plaintiff benefits for total disability from the date of the accident to May 20, 1982.
*605 Our careful review of the record reveals no clear error in the trial court’s conclusions regarding disability. While the plaintiff testified that he was unable to work, the whole of the medical testimony indicates otherwise. Under these circumstances, the plaintiff has failed to carry his burden of proving that he is totally and permanently disabled.
The second issue raised is whether the trial court erred in refusing to hold the case open to allow the plaintiff to see another doctor in order to obtain additional medical evidence. Counsel for plaintiff made this request during trial, following the presentation of the plaintiffs case. The trial judge deferred a ruling on the motion at that time. At the conclusion of the trial, the trial judge took the matter under advisement. The motion was eventually denied, and the case was considered as having been completed from an evidentiary standpoint. In his reasons for judgment, the trial judge stated:
"... The basis (sic) reason for this is that the court has the benefit of medical reports and/or depositions and testimony of three doctors, including two orthopedic specialists, as well as the benefit of a reading of a CAT scan by a neurosurgeon. It would simply be speculative to hold the matter open not knowing what this examination might develop, and then, of course, if there should be something positive develop from the plaintiff’s stand point, then the defense would have to be given an opportunity to counter this, all of which would prolong the disposition of this case for many weeks, if not longer.”
The decision to hold open or reopen a case for the production of additional evidence rests within the discretion of the trial judge. His determination in this regard will not be disturbed on appeal absent manifest error. Outright v. Wilson, 410 So.2d 1274 (La.App. 3rd Cir.1982).
In the instant case, the trial judge had the benefit of considerable medical evidence and testimony. The plaintiff failed to show that additional medical testimony would aid the trial court in determining the nature and extent of the plaintiff’s injury. We find no clear error in the trial court’s denial of the plaintiff’s motion to hold the case open.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.