442 So.2d 912 (1983)
George E. WOODARD, Plaintiff-Appellee,
v.
GREGORY AND COOK, INC., and Gray and Company, Inc., Defendants-Appellants.
No. 83-577.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
*913 Allen, Gooch, Bourgeois, Breaux & Robison, P.C., Arthur I. Robison and Raymond Jackson, Lafayette, for defendants-appellants.
James Miguez and Carl Leckband, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
DOMENGEAUX, Judge.
George E. Woodard, plaintiff-appellee, filed suit against Gregory and Cook, Inc., [hereafter referred to as "Gregory"] and its insurer, Gray and Company, Inc., [hereafter referred to as "Gray"] defendants-appellants, seeking workers' compensation benefits under the provisions of La.R.S. 23:1031 et seq. The trial court found that Woodard was entitled to workers' compensation benefits for total disability under the "odd-lot" doctrine. Further, the trial court found that Gregory and Gray acted arbitrarily and capriciously in terminating Woodard's workers' compensation benefits and awarded penalties and attorney's fees to Woodard. Gregory and Gray appeal. Woodard answers seeking only additional attorney's fees for defending this case on appeal. We amend and affirm as amended. We find that Woodard is entitled to an increase of $500.00 in attorney's fees for his efforts in connection with this appeal.

ISSUES
The issues on appeal are as follows:
1) Whether or not the trial court erred in finding that Woodard was totally and permanently disabled under the Louisiana Workers' Compensation Statute.
2) Whether or not the trial court erred in finding that Gregory and Gray were arbitrary and capricious in their handling of this claim.

FACTS
Woodard, an employee of Gregory, was injured in the course and scope of his employment. On December 12, 1981, Woodard hurt his back trying to throw a heavy piece of concrete off and over the side of a flatbed truck. The accident was reported to Gregory that day. The following Monday, Woodard received chiropractic treatment. Gregory and Gray instituted payments *914 of workers' compensation benefits on January 4, 1982.
Woodard was admitted to the West Calcasieu-Cameron Hospital in Sulphur, Louisiana, on March 29, 1982, and was discharged on April 21, 1982. Gregory and Gray terminated Woodard's compensation benefits on April 16, 1982.
On May 27, 1982, the present suit was filed by Woodard. The trial court rendered judgment in favor of Woodard ordering Gregory and Gray to pay the following:
1) Total and permanent disability benefits at a weekly rate of $183.00, commencing on April 18, 1982;
2) All unpaid medical bills;
3) Statutory penalties of twelve percent (12%) on the amount in arrears;
4) Attorney's fees in the amount of $2,500.00.

TOTAL DISABILITY
The fact that Woodard was injured on the job and that he is disabled is not at issue. The focus of our inquiry is to what extent Woodard is disabled. The specific issue is whether under the odd-lot doctrine Woodard is entitled to total disability benefits for his injury. The odd-lot doctrine entitles an employee to compensation for total disability when, as a result of a compensable injury, he is rendered unable to perform any services for which a reasonably dependable market exists. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). An odd-lot claimant need not be absolutely helpless to qualify for total disability status. If the claimant can prove that his physical condition, his mental capacity; his education, training, age or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd-lot category. The employer or insurer must then show that some form of suitable work is regularly and continuously available to the claimant in the area where he resides. Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).
Applying the above stated rules to the present case, the first question is whether Woodard has made out a prima facie case that he is in the odd-lot category. We conclude that the trial judge's determination that he sustained the burden of proof is correct.[1] A review of the record reveals that Woodard had a pain-free back and an excellent work history prior to the accident. The deposition of Dr. Clark E. Gunderson, an orthopedic surgeon, was introduced into evidence. As Woodard's treating physician, Doctor Gunderson testified that Woodard suffered a lumbar straining-type injury superimposed on degenerative changes at the L3-4 level. Doctor Gunderson's opinion was that Woodard suffers from chronic back pain and mechanical pain. Doctor Gunderson stated in his deposition that Woodard could not at that time return to performing heavy labor; and that he was unable to determine whether Woodard would be able to return to heavy work in the future. Woodard's past work experience had been that of a construction carpenter and a pipeline laborer. Both occupations require manual work, lifting, bending and climbing. The union business agent testified that one who could not perform these tasks is unemployable as a house carpenter, construction carpenter or pipeline laborer. Woodard has not been employed since the accident; he only has an eighth grade education.
Having concluded that Woodard has made out a prima facie case that he is an odd-lot employee, the next question is whether Gregory and Gray have shown that some form of suitable work is regularly and continuously available to the claimant in the area where he resides. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La. 1980). We conclude they have not. A review *915 of the record reveals that no evidence was presented to show that suitable work was available to Woodard. Therefore, we cannot say that the trial court was manifestly erroneous in concluding that Woodard was totally disabled.

STATUTORY PENALTIES AND ATTORNEY'S FEES
Gregory and Gray assign as error the trial judge's finding that its termination of benefits was arbitrary and capricious. Whether or not a termination of benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer at the time of its action. DeJean v. B.F. Trappey's Sons, Inc., 285 So.2d 297 (La.App. 3rd Cir.1973). The determination by the trial court of whether the employer's conduct is arbitrary, capricious or without probable cause is at least in part a factual determination. Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir.1977). Therefore, we should not disturb the trial court's finding unless it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Woodard's workers' compensation benefits were terminated while he was in the hospital. Gregory and Gray contend that they did not have any knowledge that Woodard was hospitalized at the time of termination. There is conflicting testimony in the record as to whether Gregory's and Gray's agent, Mr. Foreman, had actual knowledge of the situation. Regardless of the actual knowledge at the time of termination, Gregory and Gray did not resume compensation payments from the date of termination upon receiving notice that Woodard was in the hospital. Gregory and Gray argue that they had not been shown conclusively that Woodard was suffering from anything that occurred during his employment. We disagree. Woodard reported his injuries to Gregory on the day of the accident. Further, the counsel for Gregory and Gray, in his opening statement, stated that it was their position that Woodard had recovered as of June 8, 1982. In effect, counsel acknowledged that Woodard had not recovered from his accident as of the date of termination of benefits on April 16, 1982.
If the termination was excusable due to lack of knowledge, there was no justification whatsoever in thereafter refusing to resume compensation payments when the company admittedly became aware of the fact that Woodard was hospitalized at the time of the termination of benefits. Therefore, we conclude that the trial court was correct in finding that Gregory and Gray acted arbitrarily and capriciously.
In answering the appeal, Woodard requested an increase in attorney's fees for defending this appeal. This Court has addressed the issue of additional attorney's fees when required for an appeal. In Conlay v. Houston General Insurance Co., 370 So.2d 196 (La.App. 3rd Cir.1979), writ granted, 371 So.2d 618 (La.1979), dismissed upon settlement, 374 So.2d 650 (La.1979), we explained this practice:
"An increase in attorney's fees for services on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. Horn v. Vancouver Plywood Corporation, 322 So.2d 816 (La.App. 3rd Cir. 1975)."
In this case, plaintiff is only protecting his rights relative to defendant's appeal; he is not seeking any additional relief denied at the trial level. Under these circumstances, we find that additional attorney's fees, in the amount of $500.00, for services rendered on appeal are warranted.

DECREE
For the above and foregoing reasons, the judgment of the trial court is amended to increase the award of attorney's fees therein *916 from $2,500.00 to $3,000.00, and in all other respects it is affirmed. Costs are assessed against defendants-appellants, Gregory and Cook, Inc., and Gray and Company, Inc.
AMENDED AND AFFIRMED AS AMENDED.

ON REHEARING
PER CURIAM.
Our opinion in this case, dated December 14, 1983, granted additional attorney's fees in the amount of $500.00 to plaintiff-appellee for services rendered to him on appeal. Defendant-appellant, Gregory and Cook, Inc., on motion for rehearing, suggests that we were in error in awarding the additional attorney's fees inasmuch as plaintiff-appellee had not appealed nor answered the appeal.
We find merit to movant's allegations and consequently the $500.00 awarded as additional attorney's fees for services rendered on appeal is hereby rescinded and deleted from our referred to opinion. Knott v. Welltech, Inc., 428 So.2d 1221 (La.App. 3rd Cir.1983); Wainwright v. Files Timber Co., Inc., 404 So.2d 1287 (La. App. 2nd Cir.1981); Richard v. Standard Fittings, 379 So.2d 33 (La.App. 3rd Cir. 1980).
Considering the above referred deletion, the decision of the trial court is affirmed, without amendment, and accordingly, the motion for rehearing is denied.
DENIED.
NOTES
[1] In his written reasons for judgment, the trial judge also stated that the plaintiff "appears to fall within the definition of permanent total disability without consideration of the odd-lot doctrine. He has been completely unemployed since the date of the accident, and there is no evidence to indicate that he is able to engage in any gainful occupation."