KNOLL, Judge.
This case involves a determination of medical benefits due under a group hospitalization insurance policy. The trial court rendered judgment in favor of the insured, Noah Dupuis, and against his former employer, Tiger Oil Incorporated (hereafter Tiger Oil) and its group insurer, Prudential Insurance Company of America (hereafter Prudential), finding the defendants arbi *1381 trary and capricious, and awarding $7,575.04 for past due medical bills and statutory penalties, together with an additional $5,000 for attorney’s fees.
Tiger Oil and Prudential suspensively appealed the judgment of the trial court, raising the following issues:
1. Whether the trial court erred in its determination that Tiger Oil’s group insurance policy with Prudential provided maternity benefits for Leah Dupuis and dependent’s coverage for her son, Derek Dupuis;
2. Whether the trial court erred in its calculation of medical benefits;
3. Whether the trial court erred in finding the defendants arbitrary and capricious under LSA-R.S. 22:657; and,
4. Whether the trial court erred in its allocation of court costs.
FACTS
Noah Dupuis was employed with Tiger Oil from February to August of 1979, and participated in the company’s group hospitalization program with Prudential. Leah Dupuis was a named dependent under her husband’s Prudential hospitalization policy. She became pregnant while her husband was employed by Tiger Oil. In August of 1979 Noah Dupuis left the employment of Tiger Oil and began to work for Merit Drilling Company. Before his departure from Tiger Oil, he requested that his group hospitalization policy be changed to a personal policy. Sue Manuel, an employee of Tiger Oil who took care of the insurance policies, claims, etc., told him that he did not have to convert because his wife had become pregnant while the Tiger Oil coverage was in effect. In August 1979, he enrolled in Merit’s group hospitalization program which was also with Prudential. Mrs. Dupuis was a named dependent under Merit’s Prudential policy. On January 31, 1980 Mrs. Dupuis gave birth to Derek by Cesarian section. Derek became eligible for health insurance through Merit’s hospitalization policy from the date of his birth.
INSURANCE COVERAGE
Noah Dupuis filed suit against Tiger Oil and its group insurer, Prudential, to recover maternity benefits incurred in connection with the birth of his son, Derek. The trial court determined that Tiger Oil and Prudential provided coverage for Leah Du-puis and Derek Dupuis under the Tiger Oil group policy.
Prudential initially denied maternity benefits under the Tiger Oil policy, but did pay some maternity benefits under the Merit policy. At trial Prudential conceded that its policy provided maternity coverage to Leah Dupuis. Prudential contended that although they were not contractually obligated to provide maternity benefits to Leah Dupuis under the Tiger Oil policy, maternity coverage had been extended to her through an administrative decision made by Prudential. Therefore, the trial court was correct in its determination that Prudential was responsible for Leah Dupuis’ maternity bills under the Tiger Oil policy.
Noah Dupuis contends that Tiger Oil’s group insurance policy with Prudential also provided coverage for Derek’s medical expenses. He testified that before he left Tiger Oil to begin employment elsewhere, he was told by Sue Manuel, the Tiger Oil employee who was in charge of insurance, that it was not necessary for him to convert his group hospitalization policy to individual coverage because his wife had become pregnant while he was working for the company. On the other hand, Prudential asserts that Derek could not have been covered under the Tiger Oil policy because he was not a named insured. Prudential further asserts that since Noah Dupuis’ insurance coverage through Tiger Oil terminated when he began working for Merit, Derek did not qualify as an eligible dependent at the time of his birth under the Tiger policy.
Shortly after Derek’s birth, he contracted an illness which required him to be rehospitalized for approximately one week. The bills for this illness were treated by the trial court as maternity benefits. The trial court’s decision turned on the statement *1382 made by Sue Manuel to Mr. Dupuis that it was not necessary to convert to a personal policy. The trial court felt that this statement misled the plaintiff.
Under Prudential’s group insurance policy with Tiger Oil the maternity benefit’s provisions do not extend coverage to children at birth. Children are covered under the dependent’s provisions of the Prudential policy from the time of birth. Dependent’s coverage is also hinged on the existence of an insurance contract with the named insured. In the case sub judice Noah Dupuis was the named insured; at the time he terminated his employment with Tiger Oil he was no longer an insured under the company’s group insurance policy with Prudential. Accordingly, dependent’s coverage for Derek never existed under the Tiger policy because Derek was not a qualified dependent during the time that his father was insured under the Tiger Oil policy. Derek’s benefits fell under Merit's policy with Prudential which were timely paid.[1] Therefore, the trial court was incorrect in its determination that Prudential was responsible to Noah Dupuis for Derek’s medical bills under the Tiger Oil policy.
Mrs. Dupuis incurred obstetrical expenses (prenatal care and delivery) together with charges for her hospitalization in connection with Derek’s birth. The trial court determined that Mrs. Dupuis’ medical expenses as proved at trial were as follows:
Women’s Clinic $1,000.00
Opelousas General Hospital 1,630.95
Dr. George Prather 100.00
Medical Center Laboratory, Inc. 48.00
Miscellaneous Prescriptive Drugs 163.03
Total $2,941.98
Prudential acknowledged receipt of bills totaling $2,641.88 submitted through Merit’s group policy for Mrs. Dupuis’ pregnancy and delivery. One of Prudential’s claim analysts determined that $124.64 of the bills submitted under the Merit policy was excludable as ineligible prescriptive drug charges. At trial Prudential offered proof that in March 1980 it had paid $1,496.39 under the Merit policy for maternity claims.
After suit was brought against Prudential under the Tiger Oil policy, Prudential deposited $1,022.04 into the registry of the court. This sum represented the amount which Prudential had determined was due under the Tiger Oil group policy.
Prudential argues that two policies of insurance applied to Mrs. Dupuis and payments made under Merit’s policy should have been credited against the Tiger Oil claim. Both group policies contained a provision for the coordination of benefits which stated that:
“Such benefits for a person may be subject to reduction if he is covered under two or more Plans (including this Plan). Such benefits shall be reduced, to the extent necessary, so that the sum of the benefits payable under this Plan and the benefits available under all other Plans, with respect to Allowable Expenses incurred as to such person in any Claim Determination Period, does not exceed the total of such Allowable Expenses."
The trial court determined that the “coordination clause” was not applicable. Accordingly, the trial court did not give Prudential credit for the $1,495.39 payment made under the Merit policy. We disagree. Under the plain language of both insurance contracts the trial court should have allowed Prudential to coordinate the benefits due Mrs. Dupuis, and give Prudential credit for the $1,496.39 payment made under Merit. The trial court’s decision would allow the insured to receive Prudential’s payment of $1495.39 under Merit’s policy twice. By giving Prudential credit for this payment *1383 under the “coordination clause” it simply prevents double recovery.
STATUTORY PENALTIES
When Mrs. Dupuis was hospitalized, she presented the Prudential medical card which Tiger Oil had issued to her husband. After processing the card, the hospital advised the insured that Prudential had denied coverage through Tiger Oil. The insured paid some of the medical bills personally and then submitted medical claims for all the bills through Merit’s group insurance with Prudential.
On June 2, 1980 and July 23, 1980 the Dupuis’ attorney sent demand letters with copies of the medical bills to Prudential. A Prudential claims examiner advised the Du-puis’ attorney that they would look into the matter. On June 11, 1980 this lawsuit was instituted.
Prudential deposited $1,022.04 into the court registry on November 12, 1980, stating in a written notice of tender that this payment constituted “benefits due and owing [Noah and Leah Dupuis] under a policy of group health insurance issued by Prudential Insurance Company of America to Tiger Oil International, Inc. ...” A Prudential claims analyst explained at trial that its tender was based on the proofs of claim filed under the Merit policy and by the Dupuis’ attorney.
Prudential’s notice of tender was an admission that they owed the Dupuis $1,022.04 under the Tiger Oil policy. Since Prudential’s deposit was made well after thirty (30) days from the date of demand, the trial court properly concluded that the penalty provisions of LSA-R.S. 22:657 were applicable.
LSA-R.S. 22:657 provides in pertinent part:
“... Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy ... together with attorney’s fees to be determined by the court....” (Emphasis added)
In the case sub judice the trial court case both Prudential and Tiger Oil with penalties and attorney’s fees. The provisions of LSA-R.S. 22:657 are penal in nature and must be strictly construed. Killebrew v. Abbott Laboratories, 352 So.2d 332 (La.App. 4th Cir.1977), affirmed at 359 So.2d 1275 (La.1978). Attorney’s fees are not allowed except when authorized by statute or contract. Killebrew, supra; see also Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (La.1970); and Hernandez v. Harson, on rehearing, 237 La. 389, 111 So.2d 320 (La.1959). Likewise, it is well recognized that punitive damages are not allowed except by authorization of a statute or contract. McCoy v. Arkansas Natural Gas Co., 175 La. 487, 143 So. 383, cert. denied 287 U.S. 661, 53 S.Ct. 220, 77 L.Ed. 570 (1932). Tiger Oil was not an “insurer” subject to the penal provisions of LSA-R.S. 22:657 and should not have been held liable with Prudential for penalties and attorney’s fees.
Under LSA-R.S. 22:657 the amount of the penalty is calculated by doubling the health benefits found to be due under the terms of the insurance contract. We have already determined that Derek does not fall under Prudential’s policy with Tiger Oil and his expenses were timely paid by Merit. Therefore there are no penalties due on the child’s claim. The trial court determined Mrs. Dupuis’ medical bills totaled $2,941.80. This amount less the credit of $1,495.39 paid under Merit leaves a balance of $1,446.41. Therefore by doubling this amount the penalty is $2,892.82.
The district court also awarded attorney’s fees of $5,000. We do not find that the' trial court abused its discretion in awarding $5,000 attorney’s fees against the insurer, Prudential.
COURT COSTS
The date this case was originally set for hearing in the trial court, the defendants appeared with their witnesses, but only plaintiff’s attorney was in attendance. Over the objection of the defendants, the *1384 trial court granted plaintiffs motion for a continuance.
At the time the continuance was granted the trial judge assessed court costs against the plaintiff and reserved defendants the right to establish any additional expenses or costs. The defendants attached an exhibit to a posttrial memorandum delineating expenses incurred by them when the case was first fixed for trial, for travel expenses of a witness who came from Houston and for attorney fees. The defendants contend on appeal that the plaintiff should have also been cast with these additional expenses. We disagree.
The hearing on the motion for continuance provided that the defendants could establish any additional costs. The trial record is void of any proof of these additional expenses. The attachment to a post-trial memorandum of an exhibit showing additional expenses does not constitute the proof required to establish those costs. This exhibit was not introduced at trial and therefore cannot be considered as evidence in our review of the judgment. Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3rd Cir.1977); State, Department of Highways v. Colby, 321 So.2d 878 (La.App. 1st Cir.1975), writ denied 325 So.2d 278 (La.1976).
DECREE
For the foregoing reasons the judgment of the trial court is amended and recast as follows and, as amended, is affirmed.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Noah Dupuis and against the defendant, Prudential Insurance Company of America, in the amount of $2,892.82, representing unpaid medical expenses and the statutory penalty, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Noah Dupuis, and against the defendant, Prudential Insurance Company of America, for attorney’s fees in the amount of $5,000 with legal interest from the date of judicial demand until paid.
The costs of the trial court through October 27, 1981 are assessed to the plaintiff. The costs of the trial court subsequent to October 27, 1981 and all costs of this appeal are assessed to the defendant, Prudential Insurance Company of America.
AMENDED IN PART; AFFIRMED IN PART; AND RENDERED.

. Derek’s medical bills totaled $2,012 (comprising $1,487 to Opelousas General Hospital; $130 to Dr. George Prather; and $395 to Dr. Charles Bertrand). Under Noah Dupuis' Prudential policy with Merit Drilling, Prudential paid $1,189.60 approximtely, 80% of the expenses. In this regard we note that the trial court incorrectly totaled Derek’s expenses to be $3,912, and the trial court together with the litigants failed to recognize the $1,189.60 payment made by Prudential through the Merit policy on March 20, 1980.