454 So.2d 902 (1984)
Robert LATIOLAIS, Plaintiff-Appellee,
v.
The HOME INSURANCE CO., et al., Defendants-Appellants.
No. 83-829.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1984.
Rehearing Denied September 19, 1984.
Writ Denied November 16, 1984.
*904 Allen, Gooch, Bourgeois, Breaux & Robison, P.C., Frank Flynn, Lafayette, for defendants-appellants.
Vernon McManus, Eunice, for plaintiff-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Robert L. Latiolais brought a workmen's compensation suit seeking total and permanent disability benefits and statutory penalties and attorney's fees against his employer, Wilson Brothers Drilling Company, and its insurer, Home Insurance Company. The trial court found Latiolais temporarily totally disabled, awarding him benefits from the date of injury continuing during the period of disability, medical expenses, 12% penalties on all compensation benefits due, and an attorney's fee of $7,500.
The defendants appeal contending the trial court committed manifest error in finding: (1) Latiolais temporarily totally disabled; (2) the defendants arbitrary and capricious in terminating benefits; and, (3) in awarding excessive attorney's fee. Latiolais answered the appeal seeking benefits for total and permanent disability and an increase in attorney's fees. We amend and affirm, finding no abuse of the trial court's discretion.
The facts are undisputed. On September 17, 1981, Latiolais was working as a floor-hand on a rig in an oil field near Branch. During rigging down, a drill line hung up in the sheave. Latiolais climbed the A-frame structure and reached into the sheave with his gloved right hand. The weight of the block pulled back, catching and lodging his right hand in the sheave for approximately five minutes injuring his long, ring and little fingers. He was immediately taken to Moosa Memorial Hospital where x-rays and examination showed a fracture of the proximal end of the ring finger, circumferential lacerations of the right ring finger and extensor mechanism transection, and a subungual hematoma of the little finger. The treating physician, Dr. Gary Lafleur, closed the lacerations and applied a short arm cast to immobilize the fracture. Latiolais remained hospitalized for two days and was seen on five occasions at Dr. Lafleur's office. Because of the complexity of Latiolais's injury, Dr. Lafleur referred him to Dr. L. Lazaro, III, an orthopedist with a specialty in hand surgery.
Dr. Lazaro's examination revealed that Latiolais had suffered multiple lacerations on the dorsal aspect of the long, ring and little fingers. The ring finger was the most severely involved. The ring finger was fixed at approximately 55-60 degrees of flexion, with only a small piece of soft tissue still attached, the flexor tendons were denuded, and there was also involvement of the extensor mechanism. Dr. Lazaro felt Latiolais's ring finger needed attention because the finger would always *905 act as a hook. Because Dr. Lazaro opined that Latiolais's chances were too slim to justify reconstructive surgery on the finger to restore motion, he amputated the ring finger at the PIP (Middle) joint on November 10, 1981.
On November 26, 1981, Latiolais returned to work for Wilson Brothers until he quit on January 14, 1982. Shortly after, he worked as an industrial painter for R.T. Nelson Company until May 1982, and then for Bernard & Burke from October to November, 1982. He attempted carpentry work but was laid off because he was unable to hold a hammer.
Wilson Brothers was paying Latiolais $9.45 an hour when he was injured. Home Insurance paid the medical expenses and weekly compensation at the rate of $183 from September 18, 1981, until November 26, 1981, for a total of $1,830.

DISABILITY
The defendants assert that Latiolais's disability is limited to recovery for the amputation of two joints of his right ring finger. They contend that Latiolais is not disabled because he returned to work as a roughneck for Wilson Brothers on November 26, 1981, and later worked in 1982 as an industrial painter. They emphasize that Dr. Lazaro placed no restrictions on Latiolais's activities nor did Latiolais complain of pain to the doctor until he was re-examined on December 16, 1982. To the contrary, Latiolais contends that he is totally and permanently disabled.
A worker who cannot return to gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981). Total disability, whether permanent or temporary, means the inability to engage in any gainful occupation, whether or not the same or one similar to that in which the employee was customarily engaged when injured. LSA-R.S. 23:1221(1), (2); Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982). A worker is not considered disabled solely because he suffers some residual pain and discomfort when he attempts to work following a work-related accident. The pain or discomfort is considered disabling only if it is substantial or appreciable pain. Miller v. Electrical and Pneumatic Services, Inc., 434 So.2d 602 (La.App. 3rd Cir.1983); Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La.App. 3rd Cir.1981), writ denied, 407 So.2d 735. Whether a claimant's pain is substantial enough to be disabling is a question of fact that must be determined according to the circumstances of each individual case. Augustine, supra.
The worker has the burden of proving his disability to a legal certainty and by a preponderance of the evidence. Augustine, supra; Guidry v. Ford, Bacon & Davis Construction Corp., 376 So.2d 352 (La.App. 3rd Cir.1979). In every case the totality of the evidence, medical and lay, must be examined by the court in making its determination of whether to grant a disability award. Crawford v. Al Smith Plumbing & Heating Service, Inc., 352 So.2d 669 (La.1977); Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975).
The criteria to determine whether disability is temporary or permanent is claimant's condition at the time of trial. Glover v. Southern Pipe & Supply Co., 408 So.2d 352 (La.App. 4th Cir.1981), writ denied, 412 So.2d 86 (La.1982). If an injured worker can show disability under the subsections governing benefits for temporary total disability, permanent total disability or partial disability, the provisions governing benefits for the loss of an extremity are inapplicable. Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3rd Cir.1979), writ granted, 371 So.2d 618 (La.1979), dismissed upon settlement, 374 So.2d 650 (La.1979). On appellate review, the trial court's factual findings with regard to the issue of disability are entitled to great weight, and will not be disturbed absent clear error. Culp v. Belden Corp., 432 So.2d 847 (La. 1983).
*906 In the present case, the trial court considered the medical testimony of Dr. Lazaro, an expert in the field of orthopedic surgery with a specialty in hand surgery and hand treatment, and Errol J. LeBlanc, a licensed physical therapist. Approximately two months after the amputation of Latiolais's ring finger, Dr. Lazaro estimated that Latiolais would have a 10% impairment to the hand on a permanent basis. On his following visit on February 15, 1982, Dr. Lazaro found Latiolais's hand strength weakened significantly and noted that he had difficulty using the right hand. Dr. Lazaro referred Latiolais to Errol J. LeBlanc for evaluation. LeBlanc conducted a series of objective tests which results were as follows: his grip strength of the right hand was generally 50% weaker than the left; he was unable to fully flex his right hand especially on objects like a rope and a chain; and he lacked endurance strength and exhibited poor performance when his right hand was used for an extended period of exertion. After receiving these results, Dr. Lazaro increased Latiolais's hand impairment to 30% and discharged him on February 26, 1982, without restrictions.
Latiolais testified he returned to work because of economic reasons and suffered pain when he used his right hand. After he was discharged, it was his understanding that he lost two-thirds of a finger, suffered a permanent right hand impairment, and there was little more that could be done medically to help him. When he was roughnecking, he explained that he was right handed, therefore he was unable to grip the chain with enough strength to bind it to the drill pipe. When he worked as an industrial painter, he had to rely on the assistance of his left hand and co-workers to pull himself up on a boatswain's chair to the height he was painting (generally 60-300 feet). Co-workers testified that he complained of pain and an inability to use his right hand. They assisted him in carrying the 30 lb. paint cans, in pulling up the boatswain's chair, and in handling the oilfield chains. Latiolais testified he worked in pain and feared for his safety because he could not grasp the tools he used with any strength.
Dr. Lazaro saw Latiolais again on December 16, 1982, for pain and tenderness in the right hand localized at the base of the ring finger. His examination revealed that Latiolais's flexor tendon was stuck in scar tissue causing a loss of strength in the hand, as well as an inability to completely flex the long, ring and little fingers. This condition directly correlated to his earlier findings and were consistent with Latiolais's complaints of pain. Dr. Lazaro stated that Latiolais's hand irritation posed a significant problem. At trial, Dr. Lazaro opined that Latiolais was totally disabled from doing vigorous labor, such as roughnecking and industrial painting, and that this condition would remain until surgery was performed, releasing the flexor tendon from the scar tissue. Because Latiolais returned to work for several months for economic reasons and worked in substantial pain, this does not preclude him from being eligible for workmen's compensation benefits. Dauzat v. Gregory & Cook, Inc., et al., 454 So.2d 807 (La.1984).
Accordingly, we find there is ample evidence to support the trial court's conclusion that Latiolais worked in substantial pain and that he is temporarily totally disabled. We do not find the record supports Latiolais's claim for total and permanent disability.

PENALTIES AND ATTORNEY'S FEES
The trial court further found that the defendants were arbitrary and capricious in withholding workmen's compensation benefits from Latiolais and awarded a penalty of 12% plus an attorney's fee of $7,500. The defendants contend that it was error to award attorney's fees and further that the award was excessive. Latiolais seeks an increase of attorney's fees for handling the appeal.
A compensation insurer is liable for statutory penalties and attorney's fees when it is arbitrary and capricious in terminating benefits. LSA-R.S. 22:658. It is incumbent upon insurers to make reasonable *907 efforts to ascertain the worker's exact medical condition at the time benefits are terminated. Wiley v. Southern Casualty Insurance Company, 380 So.2d 214 (La. App. 3rd Cir.1980). A determination of whether the termination of compensation benefits is arbitrary, capricious, or without probable cause depends primarily upon the facts existing and known to the employer or its insurer at the time payments were stopped. Woodard v. Gregory and Cook, Inc., 442 So.2d 912 (La.App. 3rd Cir.1983); Crooks v. Southern Cas. Ins. Co., 337 So.2d 915 (La.App. 3rd Cir.1976). The determination of this issue is essentially a question of fact. Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir.1975).
The defendants relied upon Latiolais's return to work as a basis for the termination of benefits. However, he returned to Wilson Brothers because of economic reasons, not because he was medically discharged. He ultimately quit Wilson Brothers because he could not safely perform his duties and because of pain in his hand. The defendants were continually and thoroughly informed of Latiolais's medical condition and progress by Dr. Lazaro. The defendants did nothing even after receiving a medical report informing them that Latiolais had undergone surgery to remove two joints of his right ring finger, which was compensable under LSA-R.S. 23:1221(4)(k).
Defendants argue that Dr. Lazaro's medical reports, dated January 4, 1982, and February 26, 1982, released Latiolais without restrictions. It is well established that compensation benefits may not be terminated on the basis of inconclusive medical reports. The medical reports relied upon by the defendants were issued well after benefits had been terminated and indicated that Latiolais was suffering from a 30% permanent disability of the hand.
We find the defendants blatantly ignored their obligation to Latiolais under the workmen's compensation provisions. Accordingly, the trial judge was correct in finding the defendants acted arbitrarily and capriciously.
When attorney's fees are awarded as the result of arbitrary nonpayment of benefits, such an award is deemed to be a penalty and the value of the attorney's fees need not be proven. Fontenot v. Town of Kinder, 377 So.2d 554 (La.App. 3rd Cir.1979), writ denied, 379 So.2d 1102 (La.1980). In determining the reasonableness of attorney's fees the trial court has much discretion. Condall v. Avondale Shipyards, Inc., 436 So.2d 595 (La.App. 4th Cir.1983); Moreau v. Houston General Ins. Co., 386 So.2d 151 (La.App. 3rd Cir. 1980); Fontenot, supra. In light of the facts of this particular case, we find no abuse of discretion in the trial court's award of $7,500.
Latiolais seeks an increase in attorney's fee to cover his representation on appeal. An increase of attorney's fees is usually denied when the party seeking the increase has answered the appeal for additional relief which is denied. Woodard, supra. Latiolais successfully defended the appeal of the present case. Although Latiolais answered the appeal seeking benefits for total and permanent disability which we denied, we find that an additional attorney's fee in the sum of $500 is warranted.
Finally, after this appeal was lodged, the defendants filed a motion to remand to the trial court for the introduction of further medical evidence, contending that it was unavailable at the time of trial in January of 1983.
The plaintiff instituted this law suit on August 18, 1982. The defendants took the deposition of Latiolais and Dr. Lazaro well in advance of trial. In addition, Dr. Lazaro testified at trial. At no time before trial did the defendants seek a court order to have Latiolais examined by a physician as provided by LSA-R.S. 23:1123. The defendants have not shown that any relevant medical evidence could not have been obtained before trial. Accordingly, the defendants' motion for a remand of this matter is denied.
*908 We note that the judgment assesses the 12% penalty against all compensation payments due, and that the employer, Wilson Brothers Drilling Company, has been cast for attorneys's fees with the insurer. LSA-R.S. 22:658 does not authorize either assessment. Basco v. State of La., Dept of Corrections, 335 So.2d 457 (La. App. 1st Cir.1976); Dupuis v. Tiger Oil Intern., Inc., 444 So.2d 1379 (La.App. 3rd Cir.1984). Accordingly, we amend the judgment to assess the 12% penalty only on compensation payments, past or future, which were paid or which might be paid more than sixty days after their due date; and to cast only Home Insurance Company with attorney's fees.

DECREE
For the foregoing reasons the judgment of the trial court is amended and recast as follows, and, as amended, is affirmed.
IT IS ORDERED, ADJUDGED AND DECREED: (1) that there be judgment in favor of plaintiff, Robert L. Latiolais, and against the defendant, Home Insurance Company, for attorney's fees in the amount of $7,500 with legal interest from the date of judicial demand; and, (2) that there be judgment in favor of plaintiff, Robert L. Latiolais, and against the defendant, Home Insurance Company, awarding plaintiff 12% on all compensation payments, past and future, which have been paid or might be paid more than sixty days after their due date, together with legal interest from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Robert L. Latiolais, and against the defendant, Home Insurance Company, for additional attorney's fees in the amount of $500 for defending the appeal.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that except as amended the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendants, The Home Insurance Company and Wilson Brothers Drilling Company.
AMENDED AND AFFIRMED AS AMENDED.