KNOLL, Judge.
Donald Young (Young) appeals the dismissal of his worker’s compensation claim against his employer, J.A. Jones (Jones), and its worker’s compensation carrier, Aet-na Life and Casualty Insurance Company (Aetna). The trial court ruled that Young failed to prove that he was disabled at the *421 time of trial and that the on-the-job accident was the canse of his disability. Young specifies that the trial court erred: (1) in ruling that Young was not disabled for the purposes of worker’s compensation; and (2) in finding there was not a connexity between the on-the-job accident and Young’s disability. We reverse.
FACTS
Young experienced two injuries which assailed his pulmonary system. He seeks worker’s compensation benefits for the second injury.
Young had a pulmonary problem prior to his first injury, a 1980 exposure to smoke in a trailer fire, but the only symptom demonstrated was shortness of breath, and despite this he was able to lead an active life. After the 1980 fire, he placed himself under the care of a pulmonary disease expert, Dr. Jana Kaimal. Although the fire initially left Young with severely limited pulmonary function, medical treatment enabled him to hold a successive number of jobs which did not require heavy manual labor; most involved the driving of trucks.
The accident for which Young seeks worker’s compensation benefits occurred on June 2, 1982, when Young, an employee of J.A. Jones Construction Company, Inc., was performing work in Conoco’s Westlake Refinery. On that day phosgene, a highly toxic gas, leaked from the Olin Chemical Company plant, a short way from Conoco, and drifted to the area where Young and his fellow employees at Jones were working. The gas caused him immediate respiratory difficulty, headaches and vomiting. The accident is not disputed. See Dugas v. J.A. Jones Const. Co., Inc., 491 So.2d 821 (La.App. 3rd Cir.1986), and Fontenot v. Aetna Life and Cas. Ins. Co., 487 So.2d 184 (La.App. 3rd Cir.1986).
CAUSATION
In Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320 (La.1985), the Supreme Court enunciated the following legal precepts pertinent to a claim for worker’s compensation benefits:

“As in other civil suits the employee in a worker compensation proceeding initially has the burden of establishing his disability and its causal relation with the employment accident by a preponderance of the evidence. In order for the employee to recover, it must be determined that the employment somehow caused or contributed to the disability, but it is not necessary that the exact cause be found. A claimant’s disability is presumed to have resulted from an accident, however, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition, or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.

Preexisting disease or infirmity of the employee does not disqualify a claim if the work-injury aggravated, accelerated, or combined with the disease or infirmity to produce death or disability for which compensation is claimed. Correlatively, when an employee proves that before the accident he had not manifested disabling symptoms, but that commencing with the accident the disabling symptoms appeared and manifested themselves thereafter, and that there is either medical or circumstantial evidence indicating a reasonable possibility of causal connection between the accident and the activation of the disabling condition, the employee’s work injury is presumed to have aggravated, accelerated or combined with his preexisting disease or infirmity to produce his disability.

Once the disabled employee establishes the presumption of a causal relationship, the party denying the existence of the presumed fact assumes both the bur
*422
den of producing evidence and the burden of persuasion on the issue. In other words, in order for the party denying the existence of the presumed causal relationship to prevail on the issue, he must produce evidence and persuade the trier of fact that it is more probable than not that the work-injury did not accelerate, aggravate or combine with the preexisting disease or infirmity to produce his disability." (Citations omitted.)

Causation is not necessarily and exclusively a medical conclusion; it is usually the ultimate fact to be found by the court, based on all the credible evidence. Haughton v. Fireman’s Fund American Insurance Companies, 355 So.2d 927 (La.1978). Furthermore, the totality of the evidence, medical and lay, must be examined in determining whether to grant benefits for disability. Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 610 (La.1984).
In a short written opinion, the trial judge made three findings of fact: (1) the medical testimony did not support a conclusion that the phosgene exposure reduced Young’s ability to perform the same or similar work as that previously performed; (2) the presumption in Young’s favor relative to reduced capacity to work was inapplicable because he was not an “otherwise healthy worker” at the time of the phosgene exposure; and (3) there was not a preponderance of evidence that the phosgene accident had anything to do with Young’s failing health. We disagree.
Since the 1980 fire Young has been under the continuous care of Dr. Kaimal. On January 20, 1981, shortly after the fire, pulmonary function tests objectively demonstrated that Young had one-third use of his lungs, and a forced air capacity of 42%. Young continued to improve with treatment. Lung tests conducted three months prior to the phosgene exposure showed he had 55% use of his lungs, and a forced air capacity of 70%. In comparison, only five days after the phosgene exposure Young showed a 16% reduction in the use of the lungs with no change in bis forced air capacity. Since the phosgene exposure, Young’s pulmonary function continued to deteriorate, and the pulmonary function test taken just before trial was one of the lowest.
Young and his son testified that between the 1980 fire and the exposure to phosgene, Young's condition improved. Just before the 1982 phosgene gas accident Young was able to walk one mile daily; since his exposure to the gas he can barely walk across his yard. Since the gas exposure Young is coughing more frequently, and by December 1982 he was spitting up blood.
It was Dr. Kaimal’s opinion that as of the time of trial in 1985, Young should not be working or exposing himself to any fumes and dust, and that even if he merely mowed his yard, he should wear a mask so that dust would not aggravate his condition. It was the doctor’s opinion that Young was completely disabled from doing any manual labor, or any work that involved his presence in the petro-chem complex. All that he could do was sedentary-type work in a controlled environment.
Dr. Kaimal opined that although he could not be certain that the phosgene caused Young’s pulmonary deterioration, the phos-gene exposure aggravated Young’s condition and could have increased Young’s rate of pulmonary deterioration. He further opined that Young’s deterioration of pulmonary function is consistent with phosgene exposure. There was no other medical testimony.
We conclude that Young established a causal relationship between his disability and his work, and that the totality of the evidence, medical and lay, indicates a reasonable possibility that the work accident caused, aggravated or accelerated his disability. The Walton test makes it clear that the presumption of a causal relationship is also applicable to situations which aggravate or accelerate a preexisting disease or infirmity. See Savoie v. Fire Protection Dist. No. 1, 483 So.2d 1041 (La.App. 3rd Cir.1985), writ denied, 485 So.2d 54 (La.1986). Moreover, even with *423 out the benefit of the jurisprudential presumption afforded “otherwise healthy workers,” the evidence preponderates that there was a connexity between the phos-gene exposure and Young’s deteriorating health.
Accordingly, the burden then shifted to Jones and Aetna to prove the absence of causation. Considering the record of this case, we find that the defendants failed to rebut Young’s showing of causation, and that the trial court was clearly wrong in failing to find causation proven by a preponderance of the evidence.
DISABILITY
Young suffers from a severely diminished pulmonary function caused by his exposure to phosgene gas. Young was born in 1930, has a tenth grade education and is a member of the Teamster’s local. Young was able to perform manual labor prior to his exposure to the phosgene gas although not every job prior thereto required that degree of physical activity. At the time of trial, Young testified that he was no longer able to perform manual labor. Furthermore, because of his lung deterioration it was the doctor’s opinion that Young cannot work near fumes or dust.
Young urges us to consider him totally disabled under the odd-lot doctrine. See Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). Though Young can not perform manual labor, the evidence established that Young has held union jobs since the gas exposure which have not required him to be exposed to fumes, dust or to do physical labor. In .light of the record we cannot conclude that Young fits into the category of an odd-lot worker.
Considering the evidence of this case, we find Young permanently and partially disabled. See LSA-R.S. 23:1221(3). Consequently, Young is entitled to worker’s compensation benefits pursuant to R.S. 23:1221(3), as well as the payment of his medical bills and expenses.
We find Young is not entitled to penalties and attorney’s fees because there is no evidence in the record to show that the failure to provide benefits was arbitrary and capricious. Young gave no notice of any kind to defendants that he claimed or intended to claim weekly compensation benefits until suit was filed. After suit was filed the plaintiff supplied defendant with a letter report from his physician, Dr. Jana Kaimal. That letter is not in evidence, but some of its contents were produced by way of the cross-examination testimony of the claims representative of the insurer. What little information appears there is inconclusive, and does not address the issues of causal relationship or disability to do the work plaintiff was engaged in before the accident. We cannot say that the defendants were arbitrary and capricious in acting thereon. Walton, supra.
For the foregoing reasons, the judgment of the trial court denying benefits is reversed and set aside. Donald Young is awarded benefits for permanent and partial disability pursuant to R.S. 23:1221(3) against Aetna Life & Casualty Insurance Company and J.A. Jones Construction Company, Inc., together with medical bills, expenses, and legal interest on the above amounts from date of judicial demand until paid. Costs of the trial and this appeal are assessed against appellees.
REVERSED AND RENDERED.